[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13823
Non-Argument Calendar

_____

D. C. Docket No. 03-00445-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EUSEBIO VALENCIA-AGUIRRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 29, 2005)**

Before CARNES, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

Jose Eusebio Valencia-Aguirre received a 135-month sentence for cocaine trafficking on board a vessel subject to the jurisdiction of the United States. He appeals his sentence based on the district court's the district court's application of a base offense level premised on a quantity of drugs, three tons, not specifically charged in the indictment to which he pleaded guilty, was unlawful and violated his rights pursuant to Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004). He also contends that the district court erred by failing to grant a downward departure because he played only a minor role in the offense. We hold that Valencia-Aguirre must be resentenced based on the district court's mandatory application of the sentencing guidelines. However we find Valencia-Aguirre's minor role argument without merit.

Valencia-Aguirre's sentence was a result of his participation in a scheme to transport cocaine from Columbia into the United States using a fishing boat. The vessel, a wolf in sheep's skin, was designed to appear as though it were engaged in offshore fishing activities. Valencia-Aguirre was recruited and paid to play the role of one of the fisherman. The cocaine was secreted in a compartment below the galley. All did not go as planned. Valencia-Aguirre was apprehended along with the rest of the boat crew by the United States Coast Guard in international waters in the Eastern Pacific Ocean. He conceded involvement in the scheme and

2

was given a sentence in part based on the amount of drugs found in the boat. He objected to his base offense level arguing that it should be 32 (25 including adjustments) instead of 38 with a sentencing range of 57 to 71 months. The district court found its hands tied. It stated that the base level was "undoubtedly high" but that it would adhere strictly to the guidelines. The court noted if the law changed "that's a mere computation which can be done probably by the two of you [the government and Valencia-Aguirre] by stipulation, and we can amend the judgment at a later date or whatever." Valencia-Auguirre appealed. In light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005) the district court must resentence Valencia-Auguirre.

Because Valencia-Aguirre timely raised his constitutional objection in the district court, this Court reviews the constitutional issue de novo, but will not reverse for harmless error. United States v. Anderson, 289 F.3d 1321, 1326 (11th Cir. 2002). The government has the burden of showing that this error did not contribute to the sentence obtained. United States v. Paz, ___ F.3d. ___, 2005 WL 757875 (11th Cir. Apr. 5, 2005). We recently held that the district court committed a Booker error by applying the guidelines as mandatory. United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005). Based on the district court's comments at sentencing disapproving of the severity of the sentence but conceding that the

3

guidelines dictated the harsh result, we held that the error affected the defendant's substantial rights. Id. at 1332-33. Although Shelton is a plain-error case, "[t]he appropriate review under the harmless error review standard mirrors the plain error review standard regarding prejudice to substantial rights, except that the burden of persuasion shifts: the government must show the absence of prejudice to the defendant's substantial rights." United States v. Fern, 155 F.3d 1318, 1327 (11th Cir. 1998). In light of the district court's comments regarding Valencia-Aguirre's sentence and mandatory guidelines regime we find Booker error in Valencia-Aguirre's sentence. The government has not (and cannot) show that this error was harmless. Accordingly we vacate Valencia-Aguirre's sentence and remand for resentencing consistent with Booker.

Valencia-Aguirre's minor-role reduction argument is another story. We have "repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. Id. at 939. In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." Id. at 945.

4

A district court must decrease the defendant's offense level by two "if the defendant was a minor participant." U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." Id. at comment. n.3. Two legal principles govern this inquiry. De Varon, 175 F.3d at 934. First, "the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." Id. In determining a defendant's conduct in the offense, the "amount of drugs is a relevant factor and . . . under some circumstances it may be dispositive." Id. at 943. Moreover, "a defendant's status as a drug courier does not alter the principle that the district court must assess the defendant's role in light of the relevant conduct attributed to [him]." Id. at 942. A "courier status in and of itself is not dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for [his] role in the offense." Id. Second, "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants" in the crime. Id. at 934.

The district court's decision to deny Valencia-Aguirre a minor-role reduction is supported by the record, even if, as he asserts, he had no knowledge of the structure of the enterprise or of others' activities. Under the first prong of the De Varon test Valencia-Aguirre's relevant conduct arose out of his own activities and

his criminal agreement to transfer and transport three tons of cocaine, an amount of drugs large enough to be dispositive of Valencia-Aguirre's playing more than a minor role in the offense. Under the second prong of the De Varon test, when comparing Valencia-Aguirre's role to the role of other participants in the offense, his participating as a crew member in the transfer and transport of three tons of cocaine and his receipt of payment for his services shows that he is equally culpable to the other participants.

**VACATED AND REMANDED, in part, AFFIRMED, in part.**

6