[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 7, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-14929
Non-Argument Calendar
_____

D. C. Docket No. 04-00299-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN ORLANDO NAVAS-RALDA,
a.k.a. Carlos O. Ramirez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Edwin Orlando Navas-Ralda appeals his 15-month sentence for illegal re-entry into the United States, in violation of 8 U.S.C. section 1326(a). Navas-Ralda contends that he received an eight-level enhancement for being previously deported after a conviction for an aggravated felony, and the enhancement violated the Fifth Amendment because it was not alleged in the criminal information. Navas-Ralda also contends, under United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005), that the district court erred when it sentenced Navas-Ralda under the Sentencing Guidelines as mandatory. We conclude that the district court did not violate Fifth Amendment, but we agree with Navas-Ralda that the district court erred when it sentenced Navas-Ralda under the Guidelines as mandatory. Because the latter sentencing error was not harmless, we vacate Navas-Ralda's sentence and remand for resentencing.

As to Navas-Ralda's argument regarding the Fifth Amendment, the Supreme Court, in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), held that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. This conclusion was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). Because "a district court does

2

not err by relying on prior convictions to enhance a defendant's sentence," Navas-Ralda's Fifth Amendment argument fails.  See id.

As to Navas-Ralda's Booker argument, the district court erred when it sentenced Navas-Ralda under the Guidelines as mandatory.  As we held in Shelton, a Booker error occurs when a district court sentences a defendant "under a mandatory Guidelines scheme[.]"  Id. at 1330-31.  Navas-Ralda preserved a Blakely/Booker objection in the district court, so the government bears the burden to prove the error was harmless.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).  A non-constitutional error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'"  United States v. Hornaday, 392 F.3d 1306, 1315 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 763, 66 S. Ct. 1239, 1246, 1248 (1946)).  If we cannot "say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,'" the sentence must be vacated.  See id. at 1315-16.

The government cannot meet its burden.  The error committed was not harmless.  To the contrary, the sentencing transcript suggests that Navas-Ralda's sentence would have been shorter had the district court treated the guidelines as advisory.  Based on that transcript, we cannot say "with fair assurance that [Navas-

3

Ralda's sentence] was not substantially swayed by the error" of treating the Guidelines as mandatory. See id. (internal quotation marks omitted).

The district court gave an alternate sentence of six months' imprisonment without the enhancement for Navas-Ralda's previous conviction. The district court explained that the 15-month enhanced sentence imposed was consistent with our then-binding interpretation of Blakely, but the court also explained that "if the Supreme Court of the United States in interpreting Blakely goes a different direction, then the lesser sentence is in the alternative. I think that's the way it ought to be and I agree with that." The district court further stated that it was "pronouncing a primary sentence of 15 months, credit for time served, consistent with the guidelines. In the alternative, if the guidelines are determined to be inapplicable here, the sentence would be six months."

Although the record evidences that the district court would have entered a less severe punishment had the Guidelines not been mandatory, it is unclear whether the alternative sentence of the district court would have been its choice under an advisory guideline system. The district court entered the alternative sentence based on the premise that the Guidelines were inapplicable, but Navas-Ralda should have been sentenced under the advisory guidelines system. On remand, the district court, "'while not bound to apply the Guidelines, must consult

those Guidelines and take them into account when sentencing.'" United States v. Crawford, — F.3d —, 2005 WL 1005280 at *3 (11th Cir. 2005) (quoting Booker, 543 U.S. at —, 125 S. Ct. at 767).

**VACATED AND REMANDED.**