[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK

No. 04-13583
Non-Argument Calendar

_____

D.C. Docket No. 04-00007-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SHANNON WELCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 22, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of John Shannon Welch regarding the propriety of his 70-month sentence for conspiracy to possess with intent to distribute methamphetamine is on remand from the Supreme Court of the United States for further consideration in the light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005).  See Welch v. United States, — U.S. —, 125 S. Ct. 1997 (2005).  We previously affirmed Welch's sentence.  United States v. Welch, No. 04-13583 (Dec. 29, 2004).  After reconsideration, we vacate Welch's sentence and remand for resentencing.

The government admits that the district court committed constitutional error under Booker when it enhanced Welch's sentence, under Sentencing Guidelines the court considered to be mandatory, based on a fact not found by a jury or admitted by Welch.  We will affirm Welch's sentence, however, if the error was harmless.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Constitutional error is only harmless if it is "clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." Id.  A careful review of the record reveals no clear evidence that the error did not contribute to the sentence.  Accordingly, we vacate Welch's sentence and remand for recentencing.

**VACATED** and **REMANDED.**