[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2005
THOMAS K. KAHN
CLERK

No. 05-11183
Non-Argument Calendar

_____

D. C. Docket No. 04-80115-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE MOYE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Johnny Lee Moye appeals his 180-month sentence for possession of a

firearm by a felon. Moye argues that his right to a jury trial under the Sixth Amendment was violated when the district court, as a matter of law, determined that Moye's admitted previous convictions were qualifying offenses for the purpose of enhancing Moye's sentence under the Armed Career Criminal Act. Because the determination that Moye's previous convictions were qualifying offenses was a question of law for the court, we affirm.

We review Moye's sentence de novo, but will reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948-49 (11th Cir. 2005).

Moye pleaded guilty to one count of possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). Moye's admitted previous convictions include attempted burglary, sale of cocaine, sale of marijuana, and resisting an officer with violence. The district court concluded that these previous convictions qualified Moye as an armed career criminal. Under section 922(g)(1), the statutory maximum term of imprisonment is 120 months, but under the mandatory minimum sentence provision of the Armed Career Criminal Act, a defendant with three qualifying convictions is subject to a minimum sentence of 180 months. 18 U.S.C. § 924(e). Because Moye has at least three qualifying previous convictions, the district court sentenced him under section 924(e).

Although he admits his previous convictions, Moye argues that the district

2

court violated his right to a jury trial under the Sixth Amendment when the court determined that his previous convictions were qualifying offenses for an enhanced sentence under section 924(e). In Moye's view, the question whether a previous conviction is a qualifying offense for the purpose of sentence enhancement is a factual question for the jury, not the court. Moye is wrong.

Whether a previous conviction is a qualifying offense under section 924(e) is a question of law for the court. See Shepard v. United States, 544 U.S. __, 125 S. Ct. 1254 (2005). Although the Supreme Court has limited the sources to which a judge may look in determining whether a previous conviction is a qualifying offense under section 924(e), id. at __, 125 S. Ct. at 1257, Moye does not argue that the district court looked beyond those sources in sentencing him as an armed career criminal. The district court did not err.

**AFFIRMED.**