[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14829
Non-Argument Calendar
_____

D. C. Docket No. 04-20225-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 5, 2005)**

Before TJOFLAT, ANDERSON, and PRYOR, Circuit Judges.

PER CURIAM:

This appeal presents the first opportunity, after United States v. Booker, 543

U.S. __, 125 S. Ct. 738 (2005), for this Court to address the application of harmless error to a sentence imposed using extra-verdict enhancements in a mandatory guideline system. Juan Paz appeals his sentence entered after he pleaded guilty to producing, using, and trafficking in one or more counterfeit access devices with intent to defraud, in violation of 18 U.S.C. section 1029(a)(1). Paz's sentence was determined with a six-level enhancement based on a finding, not admitted by Paz, that the amount of loss was between $30,000 and $70,000. Paz objected to the enhancement as a violation of the Sixth Amendment as interpreted in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Because the district court stated that it would have imposed a lesser sentence had the guidelines not been mandatory, we conclude that the government cannot show that the application of the extra-verdict enhancement was harmless error. We, therefore, vacate Paz's sentence and remand to the district court for resentencing.

## I. BACKGROUND

In March 2004, Paz offered a confidential government informant the opportunity to make money using a skimming device, which could be used to make counterfeit credit cards, counterfeit bills, and counterfeit satellite cards. The confidential informant then contacted the Secret Service. A few days later, Paz gave the confidential informant the skimming device. Paz told the informant that

2

Paz would pay thirty dollars for each credit card number that was obtained using the device.

The Secret Service downloaded nineteen spurious credit card numbers on the skimming device, and the confidential informant met with Paz, who agreed to count the downloaded credit card numbers and pay the informant accordingly. Paz was then arrested. In Paz's truck, agents found a laptop computer with a skimming device attached, handguns, and 69 grams of sham drugs. The agents also found multiple satellite dishes, satellite receivers, and two memory sticks, instruments consistent with devices used to obtain information without authorization.

A federal grand jury returned a three-count indictment against Paz. The government moved to dismiss Counts 1 and 2, and, in accord with a written plea agreement, Paz pleaded guilty to Count 3, which charged Paz with producing, using, and trafficking in one or more counterfeit access devices with intent to defraud, in violation of 18 U.S.C. section 1029(a)(1). No facts were submitted by the government or admitted by Paz to establish the amount of loss caused by Paz's illegal activity.

In the presentence investigation report, the probation officer set Paz's base offense level at six under United States Sentencing Guidelines section 2B1.1(a)(2). The probation officer then increased the offense by six levels, under Guidelines

3

section 2B1.1(b)(1)(D), based on a determination that the amount of loss was more than $30,000 but not more than $70,000. With a total offense level of 12 and a criminal history category of I, the guideline range was 10 to 16 months' imprisonment. Paz objected to the six-level enhancement for the amount of loss because it was based on facts neither charged in the indictment nor admitted by him in his plea agreement.

At the sentencing hearing, at which Paz again objected to the six-level enhancement, the district court noted that this Court had held in United States v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated by 125 S. Ct. 1089 (2005), that Blakely did not apply to the federal sentencing guidelines. Consistent with the guidelines, therefore, the district court imposed a sentence of ten months' imprisonment. The district court also stated, however, that in the event the guidelines were found unconstitutional, in whole or in part, it would have sentenced Paz to a total of six months' imprisonment. Paz appealed his sentence.

## II. STANDARD OF REVIEW

Because Paz objected to the enhancements to his sentence in the district court, we review the sentence de novo. United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc). We will reverse the district court only if any error was harmful. Id.

## III. DISCUSSION

In United States v.Rodriguez, we stated that under Booker "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." 398 F.3d 1291, 1297 (11th Cir. 2005). Because Paz's sentence was enhanced, under a mandatory guidelines system, based on facts found by the judge and not admitted by him, Paz's right to trial by jury was violated. We must disregard this error, however, if the error was harmless. Fed. R. Crim. P. 52(a).

"To find harmless error, we must determine that the error did not affect the substantial rights of the parties." United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998). "A constitutional error, such as [a Booker] error, must be disregarded as not 'affect[ing] substantial rights,' . . . if the error is 'harmless beyond a reasonable doubt[.]' . . . This standard is only met where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'" United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir. 2001) (citations omitted). The burden is on the government to show that the error did not affect the defendant's substantial rights. See United States v. Olano, 507 U.S. 725, 741, 113 S. Ct. 1770, 1781 (1993).

5

The government cannot meet its burden. The error committed in sentencing Paz was not harmless beyond a reasonable doubt. On the contrary, it is evident from the sentencing transcript that, had the district court used the guidelines in an advisory fashion, Paz's sentence would have been shorter. Paz was sentenced to ten months' imprisonment, but the district court stated that, if the guidelines had been declared unconstitutional, he would have sentenced Paz to a term of six months' imprisonment. The constitutional error, therefore, was not harmless beyond a reasonable doubt, and Paz must be resentenced under the advisory guidelines system. On remand, the district court, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 125 S. Ct. at 767.

## IV. CONCLUSION

Because Paz's sentence was erroneously based in part on extra-verdict enhancements, under a mandatory guidelines system, and this error was not harmless, we **VACATE** Paz's sentence and **REMAND** for resentencing consistent with this opinion.

6

TJOFLAT, Circuit Judge, specially concurring:

I concur in the court's judgment.