[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 24, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-15961
Non-Argument Calendar
_____

D. C. Docket No. 04-00283-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNE MUTHONI NJANJA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 24, 2005)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Anne Njanja appeals her 37-month sentence for possession with intent to distribute heroin and importation of heroin. After review, we vacate Njanja's sentence and remand to the district court for resentencing.

## I. BACKGROUND

Njanja pled guilty, without a written plea agreement, to possession with intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One), and importation of at least 100 grams of heroin, in violation of 21 U.S.C. §§ 952 and 960(2)(b)(A) (Count Two).[1]

According to the PSI, Njanja arrived at the Atlanta airport from London on May 3, 2004. Customs and Border Protection inspectors selected Njanja for secondary inspection based on a lookout in the Treasury Enforcement Communication System linking Njanja with a woman arrested in November 2003 for attempting to smuggle heroin into the United States. After Njanja was advised that she was a suspected drug smuggler, she consented to an X-ray and admitted that she had ingested something. Njanja was taken to a hospital where law enforcement officers recovered 57 pellets containing 534.8 grams of heroin from her.

---

[1]On appeal, there is no specific information regarding Njanja's guilty plea because there was no written plea agreement and the plea colloquy was not transcribed.

The PSI recommended a base offense level of 28.[2]  The PSI also recommended a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and a two-level reduction because Njanja met the criteria for "safety valve" relief, pursuant to 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2. Thus, Njanja's total offense level was 24.  With a criminal history category of I, Njanja's Guidelines range was 51-63 months' imprisonment.

Njanja objected to the PSI, arguing that pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), she could be held responsible for only 100 grams of heroin, the amount charged in the indictment.  Njanja also objected to the denial of a role reduction and the denial of an additional one-level reduction for acceptance of responsibility.

Prior to sentencing, Njanja and the government entered into a "Stipulation Regarding Testimony at Sentencing."  The stipulation set forth the facts that government witnesses would offer if they were to testify at the sentencing hearing. Although Njanja did not agree to the accuracy of those facts, the government and Njanja agreed that "the testimony set forth in this Stipulation should be considered by the Court in determining [Njanja's] sentencing in this matter."  The testimony

---

[2]U.S.S.G. § 2D1.1(c)(6) sets a base offense level of 28 for at least 400 grams, but less than 700 grams of heroin.

set forth in the stipulation was that 57 pellets containing 538.4 grams of heroin were recovered from Njanja.

During the sentencing hearing, the district court granted Njanja a two-level minor-role reduction, pursuant to U.S.S.G. § 3B1.2. Njanja also received an additional one-level reduction for acceptance of responsibility. The district court rejected Njanja's argument that under Blakely, her base offense level should be 26, based on the amount of drugs listed in the indictment, rather than 28, based on the total amount of drugs contained in the 57 pellets.

After the district court's additional reductions for minor role and acceptance of responsibility, Njanja's total offense level was 21. With a criminal history category of I, Njanja's Guidelines range was 37-46 months' imprisonment. The district court sentenced Njanja to 37 months' imprisonment, the low end of the Guidelines range.

Although the district court determined that Blakely did not apply to the Guidelines, the district court also provided an alternate sentence of 30 months' imprisonment using the drug amount charged in the indictment in the event that "Blakely comes down in a way that allows the court to reduce it or where it seems appropriate." In doing so, the district court stated:

> But for right now I will sentence her at the level we have calculated because I have no other choice given the law. I will give an

alternative sentence, though, in the event <u>Blakely</u> comes down so we don't have to trouble her with coming back again if it's going to be lowered by two more levels.  So, right now [the base offense level is] going to be at 28.  If <u>Blakely</u> comes down in a way that allows the court to reduce it or where it seems appropriate, [the base offense level] will be a 26.[3]

## II. DISCUSSION

In her initial brief on appeal, Njanja argues that the district court erred under <u>Blakely</u> (now <u>Booker</u>) by basing her sentence upon a drug quantity higher than the quantity to which she pled guilty.  Because Njanja raised her <u>Blakely</u> objection in the district court and in her initial brief on appeal, we review her sentence <u>de novo</u>. <u>United States v. Paz</u>, – F.3d –, 2005 WL 757876, at *2 (11th Cir. April 5, 2005).

In <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), a majority of the Supreme Court concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guaranty of the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guity or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Booker</u>, 125 S. Ct. at 756.  As explained in <u>United</u>

---

[3]The alternative 30-month sentence was calculated using a base offense level of 26, based on a drug quantity of 100 grams of heroin.  With the three-level reduction for acceptance of responsibility, the two-level minor-role reduction and the two-level safety valve reduction, Njanja's total offense level for the alternative sentence was 19.  With a criminal history category of I, Njanja's Guidelines range for the alternative sentence was 30-37 months' imprisonment.

States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), petition for cert. filed, 73 U.S.L.W. 3531 (Feb. 23, 2005), "[t]he constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined."

Based on Booker, we conclude that the district court violated Njanja's Sixth Amendment rights by enhancing her sentence based on judicial fact finding of drug quantity in a mandatory Guidelines scheme.  Booker, 125 S. Ct. at 756.  Although Njanja stipulated as to what the testimony of the government's witnesses would be regarding the amount of heroin recovered, she did not stipulate that the amount was correct.  Additionally, she timely objected to the use of this drug amount in determining her sentence.

Further, the government concedes that the error was not harmless.[4]  Thus, we must vacate Njanja's sentence and remand to the district court for resentencing. We recognize that the district court stated that it would give an alternative sentence of 30 months' imprisonment if Blakely applied to the Guidelines and the district

---

[4]"To find harmless error, we must determine that the error did not affect the substantial rights of the parties."  Paz, 2005 WL 757876, at *2 (quoting United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998)).  "A constitutional error, such as a Booker error, must be disregarded as not affecting substantial rights if the error is harmless beyond a reasonable doubt."  Id. (internal quotation marks, brackets, ellipses and citation omitted).

court could not consider the increased drug quantity of 534.8 grams of heroin.
However, as explained above, the constitutional error is not simply the use of an
extra-verdict enhancement, "[t]he constitutional error is the use of [the] extra-
verdict enhancement[] to reach a guidelines result that is binding on the sentencing
judge; the error is the mandatory nature of the guidelines once the guidelines range
has been determined." Rodriguez, 398 F.3d at 1301 (emphasis added). Thus, post-
Booker, extra-verdict enhancements can be used in an advisory Guidelines scheme.

We note that although there is a Sixth Amendment violation in this case,
there was sufficient evidence to support the district court's fact finding that Njanja
was responsible for 538.4 grams of heroin and the district court properly calculated
the Guidelines range as 37-46 months' imprisonment. United States v. Crawford,
– F.3d –, 2005 WL 1005280, at *3-4 (11th Cir. May 2, 2005) (stating that after
Booker, district courts must consult the Guidelines and "[t]his consultation
requirement, at a minimum, obliges the district court to calculate correctly the
sentencing range prescribed by the Guidelines"). On remand, the district court is
required to sentence Njanja under an advisory Guidelines regime, and shall
consider the Guidelines range of 37-46 months' imprisonment and "other statutory

concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." <u>Booker</u>, 125 S. Ct. at 757.[5]

**VACATED AND REMANDED.**

---

[5]We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the <u>Booker</u> constitutional error of sentencing under a mandatory Guidelines regime was harmless.

We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.