[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14663
Non-Argument Calendar

_____

D. C. Docket No. 04-20099-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSUE DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 10, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Josue Diaz appeals his 18-month prison sentence for possession with intent

to distribute cocaine, a violation of 21 U.S.C. section 841(a)(1), and 60-month prison sentence for carrying a firearm during a drug-trafficking offense, a violation of 18 U.S.C. section 924(c)(1)(A). Diaz argues that the district court violated his Fifth and Sixth Amendment rights, under United States v. Booker, 542 U.S. —, 125 S. Ct. 738 (2005), when it sentenced him based on a drug quantity that was not admitted by Diaz, found by a jury, or contained in the indictment. Diaz also argues that the district court erred when it sentenced him under a mandatory Sentencing Guidelines regime. Because Diaz admitted the drug quantity during his plea colloquy and his sentence was within the statutory maximum charged in the indictment, the district court did not violate Diaz's constitutional rights. The government concedes, however, that the district court did commit statutory error when it sentenced Diaz under mandatory Guidelines, and we remand for resentencing.

Because Diaz raised a Blakely argument in the district court, we review his sentence de novo and will reverse for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Diaz pleaded guilty to cocaine possession with intent to distribute. During his plea colloquy, the government specified that it would have proved at trial that Diaz sold a government agent cocaine on two occasions, and that the total quantity of cocaine from both sales was 110.8 grams. After the

government concluded its summary of the facts, the district court asked Diaz if what the government stated was correct, and Diaz responded in the affirmative. Because Diaz admitted the drug quantity, the district court did not violate Diaz's Sixth Amendment argument rights. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

Diaz also argues that the district court violated his Fifth Amendment rights by sentencing him beyond the statutory maximum based on drug quantity unspecified in the indictment. In United States v. Cotton, the Supreme Court held that the enhancement of a sentence above the statutory maximum on the basis of a fact not alleged in the indictment violates the Fifth Amendment. 535 U.S. 625, 632, 122 S. Ct 1781, 1785 (2002). The statutory maximum is found in the United States Code, United States v. Duncan, 400 F.3d 1297, 1303-04 (11th Cir. 2005), and Diaz's 18-month sentence for cocaine possession was well within the 20-year statutory maximum of 21 U.S.C. section 841(b)(1)(C). Because the district court did not sentence Diaz beyond the statutory maximum, it did not commit Fifth Amendment error.

The district court erred, however, when it sentenced Diaz under the mandatory Guidelines that the Supreme Court held to be advisory in Booker. The government concedes this statutory error and that it cannot show that the error was

3

harmless.  We, therefore, vacate Diaz's sentence and remand for resentencing.

**VACATED** and **REMANDED.**