[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13910
Non-Argument Calendar
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 03-00332-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2005)

Before TJOFLAT, ANDERSON, and MARCUS, Circuit Judges.

PER CURIAM:

Isaac Bonilla appeals his 108-month sentence for conspiracy to possess with

intent to distribute cocaine and possession with intent to distribute cocaine, in

violation of 46 U.S.C. App. § 1903 and 21 U.S.C. § 960. On appeal, Bonilla argues that the district court erred at sentencing, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), by applying an enhancement for his role as a pilot of a vessel that was carrying cocaine because that fact was not charged in the indictment, found by a jury, or admitted by him. According to Bonilla, the Booker error was not harmless beyond a reasonable doubt because the district court indicated that it thought Bonilla's sentence was greater than necessary and that, if not for the mandated Guidelines range, it was inclined to impose a 96-month, rather than 108-month, sentence.

Bonilla raised this argument in the district court and therefore is entitled to de novo review. United States v. Paz, --- F.3d ---, 2005 WL 757876, *2 (11th Cir. Apr. 5, 2005). We will reverse a Booker error only if the error was harmful, meaning that the error affected substantial rights. Id. The government bears the burden of establishing that an error did not affect a defendant's substantial rights. Id.

In Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 2536, 2543,159 L. Ed. 2d 403 (2004), the Supreme Court reversed an upward departure imposed pursuant to the State of Washington's sentencing guidelines, applying the rule in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d

2

435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In reversing the upward departure, the Supreme Court held that the relevant "'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at ___, 124 S. Ct. at 2537 (emphasis in original).

While the instant case was pending on appeal, the Supreme Court issued its decision in Booker, finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. Booker, 543 U.S. at ___, 125 S.Ct. at 749. Resolving the constitutional question left open in Blakely, the Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at ___,125 S.Ct. at 749-51. In extending its holding in Blakely to the Sentencing Guidelines, the Court explicitly reaffirmed its rationale in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ___, 125 S. Ct. at 756.

3

In United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), petition for cert. filed, (U.S. Feb. 23, 2005) (No. 04-1148), we stated that, under the holding in Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." (emphasis in original). In Paz, we concluded that, because the district court had indicated that it would have imposed a lesser sentence, had the guidelines not been mandatory, the government could not show that it was harmless error for the district court to apply an extra-verdict enhancement. Paz, 2005 WL 757876, *2.

Because Bonilla's sentence was enhanced, under a mandatory guidelines system, based on facts not found by a jury and not admitted to by him during the plea colloquy, and the government has not met its burden to show harmlessness, and indeed appears to concede the error was not harmless (at the sentencing hearing, the district court stated it would impose a lower sentence if it was not bound by the Guidelines), we vacate and remand Bonilla's sentence for resentencing, pursuant to the discretionary Sentencing Guidelines scheme now required by Booker.[1]

---

[1] We note that in this case, the district court correctly determined the Guidelines range for Bonilla's conviction. We have considered Bonilla's challenge to the two-level enhancement for his

4

**VACATED AND REMANDED.**

---

role in the offense, and note that the district court did not err factually by applying the enhancement based on its conclusion that he was captain of the vessel that was transporting the cocaine. On remand, pursuant to Booker, the district court is required to sentence Bonilla under an advisory Guidelines scheme, and, in so doing, must consider the Guidelines range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.