[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2005
THOMAS K. KAHN
CLERK

No. 04-15162
Non-Argument Calendar

_____

D.C. Docket No. 04-20216-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO NATHANILIAN JOHNSON-CUERVO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2005)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ricardo Nathanilian Johnson-Cuervo appeals his concurrent sentences for importation of morphine, 21 U.S.C. §§ 952(a) and 960(b)(3), and possession with intent to distribute morphine, 21 U.S.C. § 841(a)(1) and (b)(1)(C), contending the use of an unproven and unadmitted drug quantity to impose sentences under a mandatory Guidelines scheme violated his Sixth Amendment rights, as set forth in *United States v. Booker*, 125 S. Ct. 738 (2005).

Because Johnson-Cuervo preserved a *Blakely/Booker* objection in the district court, we review the challenge to his sentence de novo. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). *Booker* error must be disregarded if it was harmless. *Id.* To find harmless error, we must determine the error did not affect the defendant's substantial rights. A constitutional error, such as *Booker* error, does not affect substantial rights, if it is harmless beyond a reasonable doubt. *Id.* This standard is met only where it is clear beyond a reasonable doubt the error did not contribute to the sentence obtained. The government has the burden of showing the error did not affect the defendant's substantial rights. *Id.*

The Government has not attempted to carry its burden of showing the error was harmless. Instead, the Government concedes error and joins Johnson-Cuervo

2

in requesting a remand for resentencing.  Accordingly, we vacate Johnson-

Cuervo's sentences and remand for resentencing.

**VACATED AND REMANDED.**