[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 18, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14753
Non-Argument Calendar

_____

D.C. Docket No. 04-60122-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELWORTH STONE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(July 18, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Elworth Stone appeals his conviction and sentence for conspiracy to possess

with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.

§ 846. In Stone's brief, which was filed after the Supreme Court issued *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), he argues that the district court's sentence based on a drug quantity greater than that charged in the indictment was clearly erroneous under *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), and violated his Sixth Amendment right to a jury trial because he did not admit facts establishing the drug quantity and there was no jury verdict supporting the quantity.

Since Stone preserved his Sixth Amendment claim by raising it in the district court, we review his sentence *de novo*, but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). A constitutional error is harmless when it is clear beyond a reasonable doubt that the error did not contribute to the sentence imposed. *Id*. "The burden is on the government to show that the error did not affect the defendant's substantial rights." *Id.*

In *Blakely*, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines system, the imposition of a sentencing enhancement based upon facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial. *Blakely*, 542 U.S. at __, 124 S. Ct. at 2534-38. In *Booker*, the Supreme Court extended this holding to the federal Sentencing Guidelines. *Booker*, 543 U.S. at __, 125 S. Ct. at

2

755. Based on the Supreme Court's holding, we have stated that there could be two *Booker* errors: (1) a Sixth Amendment error – the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error – the error of being sentenced under a mandatory guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Even though Stone filed his brief after the Supreme Court issued *Booker*, he does not raise any challenge based on the mandatory nature of the guidelines.[1] In *Shelton*, we implicitly held that when a defendant raised a *Blakely/Booker* constitutional claim in his initial brief, we should also consider whether there was statutory error. *See Shelton*, 400 F.3d at 1330; *see also United States v. Camacho-Ibarquen*, __ F.3d __, 2005 WL 1297236, No. 04-11155 (11th Cir. June 2, 2005). In *Shelton* and *Camacho-Ibarquen*, the appellants filed their initial briefs prior to the Supreme Court's release of its opinion in *Booker*. Here, however, Stone filed his initial brief post-*Booker*. Accordingly, he had the benefit of the issuance of the *Booker* opinion and an opportunity to address *Booker*'s constitutional and remedial holdings in his initial brief. Thus, as with any other appellant who fails

---

[1]The Supreme Court issued *Booker* on January 12, 2005. Counsel for Stone submitted an electronic version of the initial brief on January 18, 2005, and filed the hard copy on January 26, 2005.

to raise an issue in his initial brief on appeal, we will not address the statutory *Booker* error. *See United States v. Duncan*, 400 F.3d 1297, 1299 n.1 (11th Cir. 2005) (declining to address the *Booker* implications of the firearm and role enhancements because the appellant did not challenge those enhancements in his initial brief). To do otherwise, would be to depart from our clearly established circuit precedent that issues not clearly raised in initial briefs are considered abandoned. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001). Thus, Stone has waived any statutory error claims under *Booker*.

In his brief, Stone argues that the district court's sentence violates his Sixth Amendment right to a jury trial. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted by the defendant* or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at __, 125 S. Ct. at 756 (emphasis added). In the context of the application of *Apprendi* to sentencing, "[t]his Court has indicated that when a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of *Apprendi*, regardless of what sentence is ultimately imposed." *United States v. Sanchez*, 269 F.3d 1250, 1272 n.40 (11th

4

Cir. 2001) (*en banc*), *abrogated in part on other grounds*, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005).

The district court did not err by sentencing Stone based on a drug quantity not proven to a jury. There was no error under the Sixth Amendment because Stone (1) admitted to the drug quantity in his plea agreement, and (2) failed to object to the amount at his plea colloquy. Therefore, the district court did not err, and we affirm.

**AFFIRMED.**