[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 3, 2005
THOMAS K. KAHN
CLERK

No. 05-10832
Non-Argument Calendar

_____

D. C. Docket No. 04-00047-CR-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALAN GARNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 3, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, James Alan Garner pled guilty to five counts

of mail fraud in violation of 18 U.S.C. § 1341.  After the acceptance of Garner's guilty plea–but before his sentencing hearing–the Supreme Court decided *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Although the presentence investigation report set the upper end of the applicable Sentencing Guidelines range at 41 months, the district court noted the advisory nature of the guidelines under *Booker* and, over the objection of Garner's counsel, sentenced Garner to 60 months' imprisonment on each count, with the sentences to run concurrently.  Garner now appeals, arguing that (1) the sentences violated his due process rights given the mandatory nature of the Guidelines at the time of his plea, and (2) the sentences are unreasonable under *Booker*.[1]  We affirm the sentences imposed by the district court.

It is uncontroverted that Garner timely raised the foregoing arguments in the district court and preserved them for appeal.  Our review is therefore *de novo*, though we will reverse only for harmful error.  *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).  Garner contends that the Due Process Clause of the United States Constitution "limits the retroactive expansion of a sentencing scheme that increases punishment" based on the *ex post facto* principle of fair warning.  *See Rogers v. Tennessee*, 532 U.S. 451, 457-62, 121 S. Ct. 1693,

---

[1] Although the district court also ordered Garner to pay restitution and imposed certain other penalties, only Garner's term of imprisonment is at issue on appeal.

149 L. Ed. 2d 697 (2001) (explaining that although *Ex Post Facto* Clause does not itself apply to courts, due process forbids judicial infringement of the right to "fair warning" that criminal conduct will give rise to certain penalties); *United States v. Duncan*, 400 F.3d 1297, 1306-07 (11th Cir. 2005) (recognizing that Due Process Clause "encompasses the *ex post facto* principle of fair warning"), *petition for cert. filed* (July 20, 2005) (No. 05-5467) . Given the mandatory nature of the Guidelines at the time of his plea, Garner contends, there was no fair warning that the district court could sentence him to more than 41 months, other than on a basis for upward departure under the Guidelines themselves. Although we previously rejected a fair warning claim in *Duncan*, Garner argues that *Duncan* is distinguishable because the life sentence imposed in that case was not merely identified by the applicable statute, but indicated by the Guidelines themselves. *See Duncan*, 400 F.3d at 1307 (explaining that at the time Duncan committed his offense, both the United States Code and the Guidelines informed him that he was subject to a sentence of life imprisonment).

Garner's attempt to distinguish *Duncan* is unpersuasive: under *Duncan*, the statutory maximum in effect at the time of Garner's criminal conduct provided him with sufficient fair warning for purposes of due process. *See id.* at 1308 ("Although mandatory Guidelines were in place, the law of this Circuit then

3

recognized the U.S. Code as the source of the maximum sentence."); *United States v. Dupas*, 419 F.3d 916 (9th Cir. 2005) ("Like the defendant in *Duncan*, Defendant had fair notice, when he committed his crime and entered his plea, that his sentence could be based on a judicial determination of the amount of intended loss and set within the applicable statutory maximum."). Furthermore, the district court indicated at sentencing that even if it had sustained Garner's sentencing objections and the Guidelines were mandatory, the court would have departed upward to impose the same sentence, because Garner's actions would constitute an abuse of trust warranting a Guidelines increase. Garner offers no explanation as to why such conduct could not have constituted the requisite "aggravating factor . . . that places the case outside of the Guidelines' heartland." *United States v. Amedeo*, 370 F.3d 1305, 1313 (11th Cir. 2004).[2]

Garner also argues that his 60-month sentences are unreasonable because the instant case did not, in his view, involve vulnerable victims, violence or the security of a financial institution or market, and because he accepted responsibility

---

[2] Nor was Garner's plea agreement breached, as he suggests, by the imposition of the 60-month sentence. Although the agreement stated that the district court's sentencing discretion was "restricted" by the Sentencing Guidelines, the agreement did not purport to define the scope of that restriction, and courts are still required, post-*Booker*, to consider the Guidelines in sentencing. *See Booker*, 543 U.S. at __, 125 S. Ct. at 757. Moreover, the plea agreement warned that any prediction of a sentence which might be imposed was not a guarantee or binding promise, and acknowledged that the district court would make the "final determinations" as to "any issue under the Sentencing Guidelines."

for his conduct, expressed remorse, and cooperated with pretrial supervision.  In determining, post-*Booker*, whether a sentence is unreasonable, we are guided by the factors outlined in 18 U.S.C. § 3553(a).  *See United States v. Winingear*, 11th Cir. 2005, __ F.3d __, (No. 05-11198, Aug. 30, 2005) (per curiam).  However, we do not expect a district court always "to conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision."  *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam).  The district court in the instant case considered the applicable Guidelines range and expressly stated that it had reviewed and considered fully the factors set forth in § 3553(a).  When imposing sentence the court noted, among other things, that Garner's offenses involved a significant amount of money, extensive planning, and prolonged criminal activity over a two-year period–including appropriation of various notary seals and the alteration and forgery of a number of deeds.  Such conduct, the court found, demonstrated a high degree of contempt for the law in light of Garner's education and experience.   Upon review of the record and the factors set forth in § 3553(a), we are satisfied that Garner's 60-month concurrent sentences on five offenses–a mere fraction of the 20-year statutory maximum applicable to each–are not unreasonable.

**AFFIRMED.**

5