[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

No. 04-14961

D. C. Docket No. 03-20759 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO RODRIGUEZ,
JULIO RODRIGUEZ,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

(December 13, 2005)

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

PER CURIAM:

_____
*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Appellants, Wilfredo and Julio Rodriguez, appeal their convictions and sentences for various drug related offenses.

Following the five-day trial, the jury returned a verdict of guilty against Wilfredo on Counts 1-6 and against Julio on Counts 1-3. The court sentenced Julio to life imprisonment on Count 1 and 240 months imprisonment on Counts 2 and 3, to be served concurrently, followed by concurrent ten-year terms of supervised release and a $300 special assessment. The court sentenced Wilfredo to life imprisonment as to Counts 1 through 4 and 6, to be served concurrently, and to life imprisonment on Count 5, to be served consecutively to the other counts, followed by concurrent five-year terms of supervised release and a $600 special assessment. Appellants timely appealed.

The issues presented for appellate review are (1) whether the district court erred in admitting co-conspirator statements under Fed. R. Evid. 801(d)(2)(E); (2) whether the district court abused its discretion by admitting evidence of appellants' prior convictions pursuant to Fed. R. Evid. 404(b); and (3) whether the appellants' sentences were in error in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

Whether a statement was made during the course and in furtherance of a conspiracy under Fed. R. Evid. 801(d)(2)(E) is a factual determination that will be

disturbed only for clear error. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995). A district court's decision to admit evidence of a prior conviction under Fed. R. Evid. 404(b) is reviewed by this court under an abuse of discretion standard. *United States v. Hogan*, 986 F.2d 1364, 1373 (11th Cir. 1993). When, as here, a defendant raises in the district court an objection to the constitutionality of the guidelines, preserving a *Booker* claim, this court reviews the case *de novo* but will reverse and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "'To find harmless error, [this court] must determine that the error did not affect the substantial rights of the parties.'" *Id.* (quoting *United States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998)); *see also* Fed. R. Crim. P. 52(a) (providing that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

Although it is a close question whether the district court erred in admitting the co-conspirators' statements under Fed. R. Evid. 801(d)(2)(E) and in admitting evidence of appellants' prior convictions pursuant to Fed. R. Evid. 404(b), we cannot say that the district court committed reversible error. Additionally, we see no *Booker* error in appellants' sentences.

Accordingly, after reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm appellants' convictions and sentences.

**AFFIRMED.**