[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

No. 06-11393
Non-Argument Calendar
_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE VITA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 24, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Vita appeals his sentence of 240 months' imprisonment, imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1,000 marijuana plants, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute more than 1,000 marijuana plants, 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). Vita asserts the district court erred by: (1) applying a sentencing enhancement pursuant to 21 U.S.C. § 851 because the fact of his prior conviction was not included in the indictment or admitted by him; (2) applying an aggravating-role enhancement, pursuant to U.S.S.G. § 3B1.1(a), based on safety-valve statements from other co-conspirators when he did not have advance notice or a meaningful opportunity to comment on this evidence during the sentencing hearing; (3) applying a four-level aggravating-role enhancement, noting the facts support only a two-level enhancement; and (4) finding him accountable for over 11,000 marijuana plants, noting the number of plants found on his property totaled between 6,000 to 7,000 and that the record is silent as to whether any of the marijuana found at the other grow house locations could be counted as "marijuana plants" under U.S.S.G. § 2D1.1. The district court did not err, and we affirm Vita's sentence.

As to Vita's argument that the fact of his prior conviction was not included in his indictment or admitted, we review preserved constitutional claims *de novo*,

but reverse for harmful error only. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "[A] district court does not err by relying on prior convictions to enhance a defendant's sentence." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). In *Almendarez-Torres v. United States*, the Supreme Court held that prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proved beyond a reasonable doubt. 118 S. Ct. 1219, 1231-32 (1998). Subsequent decisions, namely, *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005) have not disturbed its holding. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). "Although recent decisions, including *Shepard v. United States*, 125 S. Ct. 1254 (2005), may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*." *Id.* at 1316 n.3.

Vita acknowledges that whether a district court can enhance a sentence based on prior convictions not alleged in the indictment nor proven beyond a reasonable doubt survives solely on the continued vitality of *Almendarez-Torres*.

3

As we have held the decision in *Almendarez-Torres* is still good law, Vita's issue fails. *See id.* at 1315-16.

As to Vita's remaining arguments concerning the Guidelines, "[a]n error in the district court's calculation of the advisory Guidelines range warrants vacating the sentence, unless the error is harmless. . . . A Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." *United States v. Williams*, 456 F.3d 1353, 1360 (11th Cir. 2006). We need not address Vita's alleged Guidelines errors because it is clear that, even if the court erred as Vita alleged, any error was harmless. Vita is subject to a mandatory minimum sentence of 240 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) regardless of the district court's Guidelines calculation.[1]

AFFIRMED.

---

[1] We note that Vita does not argue his sentence is unreasonable.