[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

No. 05-14490
Non-Argument Calendar

_____

D. C. Docket No. 04-00248-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER FREDERICK CORLISS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 31, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Roger Frederick Corliss pleaded guilty to ten counts of mail fraud in

violation of 18 U.S.C. § 1341, based on a scheme in which he obtained $113,372.13 by soliciting donations for two sham charitable organizations he established. In this appeal of his 37-month sentence, Corliss first contends that the district court erred by applying a variety of sentencing enhancements based on facts unproven to a jury and not admitted by him, in violation of the principles of law established in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Corliss also asserts that the district court's application of two factually related sentence enhancements amounts to impermissible "double counting." Because Corliss made these objections to the district court during his sentencing hearing, we review that court's ruling on them de novo, but will reverse the sentence only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

With respect to Corliss' first contention, we have, on several occasions, clarified the meaning of Apprendi and subsequent cases addressing the federal sentencing guidelines:

> According to Apprendi and its progeny, any fact that increases a sentence beyond the statutory maximum must be charged in the indictment. Apprendi, 530 U.S. at 476, 120 S. Ct. 2348. Although [United States v. Booker, 543U.S. 220, 125 S. Ct. 738 (2005)] held that any fact increasing punishment must be admitted by the defendant or proved to a jury, this Court has stated that "both majority opinions in Booker make clear that the decisive factor that makes pre-Booker sentencing problematic is not extra-verdict enhancements but their use in a mandatory guidelines system."

2

United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006) (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). Accordingly, we have held that extra-verdict "enhancements made in a non-mandatory Guidelines system are constitutionally permissible." United States v. Duncan, 400 F.3d 1297, 1302 (11th Cir. 2005), cert. denied, 126 S. Ct. 432 (2005). In light of this holding, it is clear that the district court did not err when applying the sentence enhancements.

Additionally, Corliss argues that the district court impermissibly used "the same uncharged facts ... repeatedly to enhance the defendant's sentence" when it applied sentencing enhancements for: (a) an offense involving more than minimal planning or more than one victim, U.S.S.G. § 2F1.1(b)(2)(A) and (B) (1998); (b) an offense entailing "mass marketing," U.S.S.G. § 2F1.1(b)(3); (c) an offense in which Corliss misrepresented that he acted on behalf of charitable organizations, U.S.S.G. § 2F1.1(b)(4)(A); and (d) an offense targeting "vulnerable victims," U.S.S.G. § 3A1.1(b)(1). In other words, Corliss argues that the district court impermissibly engaged in "double counting."

We have held that where multiple "enhancements embody conceptually separate notions relating to sentencing because they are designed for ... different purposes," it is not double-counting to apply them cumulatively. United States v. Ramirez, 426 F.3d 1344, 1356 (11th Cir. 2005); United States v. Rendon, 354 F.3d

3

1320, 1334 (11th Cir. 2003). For example, we have specifically concluded that the enhancement for an offense involving more than minimal planning or a scheme to defraud more than one victim focuses on the "victims harmed," while the "mass marketing" enhancement focuses on the "method of inflicting harm," and thus do not overlap to the extent necessary to implicate a double counting problem. United States v. Olshan, 371 F.3d 1296, 1301 (11th Cir. 2004). Here, all of Corliss's enhancements were based on conceptually separate notions and do not overlap. An offense can involve more than minimal planning without entailing mass marketing; an offense involving mass marketing does not necessarily require misrepresentations about charity; and offenses that involve charitable fraud do not always target vulnerable victims. See Ramirez, 426 F.3d at 1356. Accordingly, the district court did not err.

   **AFFIRMED.**