[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 03 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14609
Non-Argument Calendar

_____

D. C. Docket No. 06-80050-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELSO MAYA-LINARES,
a.k.a. Celso Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 3, 2008)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Celso Maya-Linares appeals his 36-month sentence for illegal reentry into

the United States after deportation, 8 U.S.C. § 1326(a) and (b)(2). On appeal,

Maya-Linares argues that, in light of the Supreme Court's decision in Apprendi v.

New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its

progeny, his sentence, enhanced from a maximum of 2 years in § 1326(a) to 20

years in § 1326(b)(2), is unconstitutional because the government failed to allege

in the indictment or prove to a jury beyond a reasonable doubt the prior conviction

upon which the district court based the enhancement. Maya-Linares further argues

that the district court erred when it made findings of fact with regard to his prior

conviction.

First, Maya-Linares argues that any sentence enhancement that extends

beyond the two-year statutory maximum in § 1326(a) based upon prior convictions

not alleged in the indictment nor proven to a jury beyond a reasonable doubt,

violates his rights under the Fifth and Sixth Amendments to the Constitution.

Because Maya-Linares raised his objection to the enhancement of his

sentence before the district court, we review the sentence de novo, but will only

reverse for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

In Almendarez-Torres, the Supreme Court held that recidivism was not an

element of the offense of illegal re-entry into the United States. 523 U.S. at 247,

118 S.Ct. at 1233. Accordingly, under Almendarez-Torres, prior convictions can

2

be considered and used to enhance a defendant's sentence without being alleged in the indictment or proved beyond a reasonable doubt. 523 U.S. at 244-46, 118 S.Ct. at 1231-32. Subsequent decisions, namely, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), have not disturbed the holding of Almendarez-Torres. See United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). "Although recent decisions, including Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, [this Court] must follow Almendarez-Torres." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 546 U.S. 951 (2005).

Second, Maya-Linares argues, for the first time on appeal, that the district court erred in light of Shepard because it made findings of fact about his prior conviction. We review issues raised for the first time on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under the plain error standard, we will not correct an error raised for the first time on appeal unless we find (1) error, (2) that is plain, and (3) that affects substantial rights.

3

We conclude that the district court did not err when enhancing Maya Linares's maximum sentence and sentencing him to 36 months' incarceration.[1] Based upon the reasoning set forth above, the government was not required to allege the prior conviction in the indictment nor prove the same beyond a reasonable doubt. Additionally, Maya-Linares failed to object to the characterization of his prior conviction being an aggravated felony. In fact, at the time of sentencing, defense counsel confirmed to the court that no factual matters in the PSI were in need of discussion. See United States v. Wade, 458 F.3d 1273 (11th Cir. 2006), cert. denied, 127 S.Ct. 2096 (2007) (holding that failing to object to facts contained in the PSI admits them for sentencing purposes). Because the first prong of the plain error test is not satisfied, the inquiry stops there.

Upon review of the record, transcripts, and the presentence investigation report, and upon consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**[2]

---

[1] To the extent Maya-Linares also seeks to challenge the guideline enhancement based on the use of a prior conviction, that challenge would be foreclosed because the district court understood the Guidelines to be advisory. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (holding there is no constitutional error in the district court's use of extra-verdict enhancements where it applied the guidelines as advisory).

[2] Maya-Linares's request for oral argument is denied.