[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10795
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80162-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEROY BETHEL,
a.k.a. Jason Williams,
a.k.a. Johnny Lee Cross,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 6, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Joseph Leroy Bethel appeals from his 70-month sentence for illegal reentry

of a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On

appeal, Bethel argues: (1) that his sentence was substantively unreasonable because his offense was nonviolent and he had been making strides at becoming a productive member of society; and (2) that his sentence was unconstitutionally enhanced because the enhancement was based upon the fact of a prior conviction that was not alleged in the indictment. After thorough review, we affirm.

We review the ultimate sentence imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). We review a defendant's preserved constitutional challenge to his sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

We are unpersuaded by Bethel's argument that his sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128

2

S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Bethel has not shown that his sentence is substantively unreasonable.[2] Bethel had an extensive criminal history and was a habitual traffic offender, and his present case stemmed from an arrest for domestic violence. In addition, he was sentenced at the low-end of the advisory Guidelines range.[3] Accordingly, the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] In his reply brief, Bethel concedes that he is not challenging the procedural reasonableness of his sentence.

[3] See also Rita, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, Rita calls that policy into question).

3

district court did not abuse its discretion by imposing a 70-month sentence.

We likewise find no merit to Bethel's contention that the district court erred by enhancing his sentence based on a prior conviction that was not alleged in the indictment. Under 8 U.S.C. § 1326(a), an alien who has been deported and then reenters the United States without permission is subject to a maximum sentence of two years' imprisonment. 8 U.S.C. § 1326(a). However, the maximum sentence increases to 20 years' imprisonment if the alien was convicted of an "aggravated felony" before removal. 8 U.S.C. § 1326(b)(2).

In Almendarez-Torres, 523 U.S. 224 (1998), the Supreme Court held that a defendant's prior convictions did not need to be alleged in the indictment to be used in sentencing. The Supreme Court reaffirmed this holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), stating that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." However, in Apprendi and subsequent decisions the Supreme Court has cast doubt on the continuing vitality of Almendarez-Torres, while not actually overruling it. See, e.g., Apprendi, 530 U.S. at 489-90; Shepard v. United States, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring in part and concurring in the judgment). Nevertheless, we have stated that we will continue to apply

4

Almendarez-Torres until the Supreme Court chooses to overrule it. E.g., United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006); United States v. Greer, 440 F.3d 1267, 1273-76 (11th Cir. 2006).

The Supreme Court has held that when a court determines the "character" of a previous conviction it may examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," but it may not look to police reports or complaint applications to determine facts about a defendant's prior conviction. Shepard, 544 U.S. at 16 (determining whether a conviction qualified as a violent felony under the Armed Career Criminal Act). We held that Shepard does not limit a sentencing court from determining the character of a prior conviction from the statutory elements of the offense. Greer, 440 F.3d at 1275.

Under this case law, the district court did not err by considering Bethel's prior conviction when enhancing his sentence. Moreover, Bethel has not put forth anything from the record to show that the district court considered something other than the statutory elements of the prior conviction when determining its character. Accordingly, Bethel's sentence enhancement was constitutional.

**AFFIRMED.**