[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

No. 08-11133
Non-Argument Calendar

_____

D. C. Docket No. 07-00046-CR-J-32TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURL MARC DEES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 22, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Burl Marc Dees appeals the district court's decision to impose an armed

career criminal sentence enhancement based on his prior convictions. The district court correctly applied existing law in sentencing Dees. Accordingly, we AFFIRM.

## I. BACKGROUND

On 2 October 2007, Dees entered a plea of guilty to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). During the sentencing phase, the Middle District of Florida determined that he had more than three prior violent felony convictions, thus making him an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). This conclusion resulted in his final offense level being raised from 25 to 30. Dees objected to the armed career criminal classification as a violation of his right to have all relevant issues, including proof of prior convictions, determined by a jury. The district court overruled his objection and sentenced him to 163 months and 17 days, the statutory minimum sentence less time served for a related offense. On appeal, Dees repeats his objection, arguing that his sentence violates the Sixth Amendment because the prior convictions supporting his sentence enhancement were neither admitted by him nor proven to a jury.

## II. DISCUSSION

We review de novo questions concerning the constitutionality of an

2

enhanced sentence.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).  "We will reverse the district court only if any error was harmful."  Id.

The Supreme Court has held that the government need not prove beyond a reasonable doubt that a defendant had prior convictions or allege those prior convictions in its indictment in order to use those convictions to enhance a defendant's sentence under the Guidelines.  See Almendarez-Torres v. United States, 523 U.S. 224, 226–27, 118 S. Ct. 1219, 1222 (1998).  Dees notes that members of the Supreme Court have questioned the rationale behind this principle.  See Shepard v. United States, 544 U.S. 13, 26–27, 125 S. Ct. 1254, 1263–64 (2005) (Thomas, J., concurring).  However, the Court has so far declined to overrule the precedent.  See Blakely v. Washington, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (finding fact of a prior conviction to be exception to general requirement of jury submission for facts increasing penalty beyond statutory maximum).  Accordingly, we are "bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court."  United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006).

Based on this controlling precedent, the district court properly overruled Dees's objection.  Dees concedes as much, noting that he primarily is bringing his appeal to preserve the issue in case the Supreme Court decides to overrule

<u>Almendarez-Torres</u>. Upon review of the record and the parties' briefs, we thus discern no reversible error by the district court in its sentencing of Dees.

## III. CONCLUSION

Dees appeals the district court's sentencing based on prior convictions that had not been proven to a jury or otherwise admitted by him. Since Supreme Court and our own precedent hold that prior convictions need not be proven to a jury nor admitted by the defendant to enhance a sentence, Dees's argument is without merit. We therefore affirm the district court's sentence.

**AFFIRMED.**