[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10356
Non-Argument Calendar

_____

D. C. Docket No. 03-00010-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FEDERICO BAUTISTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 9, 2005)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Juan Federico Bautista appeals his sentence of ninety-seven months

imprisonment for conspiracy to import ecstasy in violation of 21 U.S.C. § 963. We affirm.

On October 21, 2004, a jury convicted Bautista of conspiracy to import ecstasy. The scheme involved couriers who transported ecstasy from the Dominican Republic, to Miami, Florida, by commercial airline. The jury made no finding as to the number of ecstasy tablets for which Bautista was responsible.

Following the trial, the United States Probation Office prepared a pre-sentence investigation report. The PSI determined that the scheme involved four couriers who made a total of five trips from the Dominican Republic to Miami, each carrying one suitcase. Because authorities intercepted only one suitcase from one of these trips, the PSI estimated the total amount of drugs involved. The PSI considered that the intercepted suitcase contained 40,000 pills, and that the courier who transported it was paid $4,500, the same amount as the other couriers. Based on this evidence, the PSI concluded that each suitcase contained 40,000 tablets and that Bautista was responsible for conspiring to import a total of 200,000 ecstacy tablets.

The PSI assigned Bautista a base offense level of 36 pursuant to United States Sentencing Guidelines Manual § 2D1.1(c)(2) (2004), because 200,000 ecstasy tablets were the equivalent of 25,000 kilograms of marijuana. It assigned

2

him a criminal history category of I because he had no criminal record.  Before sentencing, Bautista objected to the PSI on the grounds that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), rendered the Guidelines unconstitutional.

Bautista was sentenced on January 13, 2005, the day after the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005).  At the hearing, the district court considered how to sentence Bautista in light of <u>Booker</u>, given the fact that the jury did not make a finding as to the amount of ecstasy attributable to Bautista.  The court initially considered sentencing Bautista to the lowest base offense level for a crime involving ecstasy by attributing a drug quantity of only one ecstasy tablet to him.  The court then explained that because "the guidelines are no longer mandatory," it could determine a higher drug quantity.  The court found that Bautista was responsible for 40,000 ecstasy tablets, stating "[t]here's no doubt that the 40,000 pills were proven beyond a reasonable doubt."  Bautista raised a <u>Booker</u> objection to the district court's finding regarding the drug quantity.

The district court assigned Bautista a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3) because 40,000 ecstasy tablets were the equivalent of 5,000 kilograms of marijuana.  The court did not adjust Bautista's offense level.  With an

offense level of 34 and a criminal history category of I, the Guideline range for sentencing Bautista was 151 to 188 months. The district court stated that this was a "significantly long sentence for a nonviolent drug offense." It therefore sentenced him to only ninety-seven months imprisonment.

On appeal, Bautista makes three arguments. We will consider them one at a time.

## I.

Bautista first argues that the district court erred when it found that he was responsible for importing 40,000 ecstacy pills.

We review the district court's factual determination of the drug quantity for clear error. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005), cert. denied, 125 S. Ct. 2935 (2005). Because Bautista has objected to the court's factual finding, the Government bears the burden of establishing the disputed fact by a preponderance of the evidence. See id.

Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the district court must estimate the drug quantity. U.S.S.G. § 2D1.1 comment (n.12). The court may base its computation on evidence showing the average frequency and amount of the defendant's drug sales over a given period of time. See Rodriguez, 398 F.3d at 1296. The sentence may be based on

"fair, accurate, and conservative estimates of the quantity of drugs attributable" to the defendant. Id. When the case involves a conspiracy, the court may consider all reasonably foreseeable acts and omissions of other persons in furtherance of the criminal scheme in calculating the defendant's base offense level. U.S.S.G. § 1B1.3(a)(1)(B).

Testimony at trial indicated that Bautista was directly involved in the receipt of four suitcases that were never intercepted. Additionally, testimony indicated that the scheme involved a fifth suitcase that was found to contain 40,000 tablets. The courier from that trip testified that she could not remember who received that suitcase. Notwithstanding that, Bautista may be held responsible for the intercepted suitcase as a "reasonably foreseeable act" in furtherance of the conspiracy. U.S.S.G. § 1B1.3(a)(1)(B). Accordingly, we conclude that the district court did not commit clear error when it attributed 40,000 tablets to Bautista.

## II.

Bautista next argues that the district court committed constitutional error when it determined that he was responsible for importing 40,000 ecstacy tablets. Bautista argues that the district court made this finding in the absence of a jury finding, an admission by him, or proof beyond a reasonable doubt of the drug quantity.

As a preliminary matter, we note that Bautista has preserved his Booker claim for appellate review. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005), cert. denied, __ S. Ct. __ (2005). Before sentencing, he objected to the PSI on the grounds that Blakely rendered the Sentencing Guidelines unconstitutional. At sentencing, he raised a Booker objection to the district court's finding of the drug quantity attributable to him.

We review Bautista's Booker claim de novo and reverse only if the error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We stated in Rodriguez that constitutional Booker error is not the application of "extra-verdict enhancements." Rodriguez, 398 F.3d at 1300–01. The error occurs when those enhancements are applied in a mandatory Guidelines system. Id.; see also United States v. Duncan, 400 F.3d 1297, 1302 (11th Cir. 2005) ("Rodriguez explain[ed] how we know that the same enhancements made in a non-mandatory Guidelines system are constitutionally permissible, and thus how we know that the error was the failure to treat the Guidelines as advisory."), cert. denied, __ S. Ct. __ (2005).

The district court did not commit constitutional Booker error when it sentenced Bautista based on a drug quantity not admitted by him or decided by a jury beyond a reasonable doubt. During the sentencing hearing the court explained

6

that it could attribute 40,000 tablets to Bautista instead of one ecstasy tablet (the lowest quantity for an offense involving ecstasy), because "the guidelines are no longer mandatory." This statement, and the fact that the final sentence was lower than the Guideline range, make it clear that the court treated the Guidelines as discretionary.

## III.

Finally, Bautista argues that his sentence was not reasonable based on the factors listed at 18 U.S.C. § 3553.

Once the district court accurately calculates the Guideline range, it may impose a more severe or more lenient sentence. See United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Following Booker, we review the district court's departure from the Guideline range for reasonableness. Id. We evaluate whether the sentence was reasonable in light of the factors listed in 18 U.S.C. § 3553(a). These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guideline range. 18 U.S.C. §3553(a).

Applying the § 3553(a) factors to this case, we consider that Bautista was

7

intimately involved in the conspiracy to import ecstasy. He met couriers shortly before their departure to the Dominican Republic. He was present when they returned with their suitcases filled with ecstasy. In some cases, he even directly received the suitcases. We also consider that the district court, in calculating his Guideline range, attributed 40,000 ecstacy pills to him. This was the amount that resulted from only one courier trip to the Dominican Republic. Furthermore, although Bautista had no criminal history, we consider that his Guideline range was 151 to 188 months imprisonment and the district court's sentence of 97 months was 54 months below the lowest point of his Guideline range. For these reasons, the district court's sentence was more than reasonable. Bautista should consider himself fortunate to have received that sentence.

**AFFIRMED.**