[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12851
Non-Argument Calendar

_____

D. C. Docket No. 04-80131-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL VEREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Carl Vereen  appeals his 120-month sentence imposed after his guilty plea to

knowingly and intentionally distributing at least five grams of a controlled

substance containing "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On appeal, Vereen argues that the district court violated his Fifth and Sixth Amendment rights by imposing an enhanced mandatory minimum sentence based on his three prior felony drug convictions. These prior convictions were neither charged in the indictment nor found by a jury beyond a reasonable doubt. Vereen acknowledges that *Apprendi v. New Jersey*, 530 U.S. 466, 489-90, 120 S. Ct. 2348, 2362, 147 L. Ed. 2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), and acknowledges that the mere fact "of" a prior conviction may be used to enhance a sentence even if not charged in the indictment or found by a jury beyond a reasonable doubt. However, Vereen argues that there is a "crucial distinction" between the "fact of a prior conviction," which can be constitutionally found by a judge, and a "fact about a prior conviction," which must be submitted to a jury. Vereen asserts that the district court's finding that his prior convictions were felony drug offenses and that the convictions became final prior to June 3, 2004, were findings "about" the convictions, which are beyond the scope of permissible judicial fact-finding. Vereen does not question the accuracy of the district court's characterization of the prior convictions.

2

We review de novo constitutional errors in sentencing, but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

Pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, an individual who committed an offense under 21 U.S.C. § 841(b)(1)(B) after a prior conviction for a felony drug offense has become final is subject to a mandatory minimum sentence of ten years. Without the enhancement for a prior conviction, the mandatory minimum sentence is five years' imprisonment. 21 U.S.C. § 841(b)(1)(B).

We recently addressed and rejected the argument "that even if *Almendarez-Torres* still permits a judge to determine 'the existence of a prior conviction,' the principles of *Apprendi* extended through *Booker* forbid a judge from determining 'the factual nature of a prior conviction.'" *United States v. Greer*, 11th Cir. 2006, ___ F.3d ___, slip op. at 16 (No. 05-11295, Feb. 24, 2006) (citations omitted). In *Greer*, the district court found that the defendant's prior indictments and the statutes clearly established that the defendant was previously convicted of "violent" crimes as defined by the Armed Career Criminal Act (the "ACCA"). Id., slip op. at 11. However, the district court did not apply the minimum required by the ACCA for defendants with prior convictions for violent crimes because it limited the evidence of the prior crimes nature to the state statute which prohibited both violent and non-violent behavior. *Id.* The district court

3

refused to consider the evidence of the indictments. We held that this refusal was error and was "not justified in view of our decisions describing the non-effect of *Apprendi* and *Booker* on the *Almendarez-Torres* rule." *Id.*, slip op. at 16. *Shepard* does not bar judges from finding facts "about" a prior conviction, but "restricts the sources or evidence that a judge . . . can consider in making that finding." *Id.*, slip op. at 16-17. Those sources are "the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." *Id.*, slip op. at 16.

Here, the Government produced judgments of conviction with the information filed pursuant to 21 U.S.C. § 851. These judgments state that Vereen was convicted of three prior drug offenses in the state of Florida, namely one conviction for the second degree felony of possession of cocaine with intent to sell, in violation of section 893.13(1)(a)(1) of Florida Statutes, and two convictions for the third degree felony of possession of cocaine, in violation of section 893.13(1)(a)(2) of Florida Statutes. Reading these judgments and the relevant Florida statutes establishes that Vereen is subject to the mandatory statutory minimum sentence of ten years because he was previously convicted of felony drug offenses.

Accordingly, Vereen's sentence is affirmed.

**AFFIRMED.**

4