[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-12977

_____

D.C. Docket No. 02-00585-CR-5-1

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

HENRY GREEN,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 25, 2006)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and JORDAN[*], District Judge.

PER CURIAM:

    Henry Green appeals his 235-month sentence, arguing that it was imposed in

_____

[*]Honorable Adalberto Jordan, United States District Judge for the Southern District of Florida, sitting by designation.

violation of the Sixth Amendment under *Blakely v. Washington,* 542 U.S. 296 (2004), and *Booker v. United States,* 543 U.S. 220 (2005). We agree, vacate the sentence, and remand for resentencing.

## BACKGROUND

A federal jury convicted Mr. Green of two offenses: (1) being a member of a narcotics conspiracy whose objectives were to possess, with the intent to distribute, five kilograms or more of cocaine and 1,000 kilograms or more of marijuana (Count 1); and (2) distribution of 100 kilograms or more of marijuana (Count 2). *See* 21 U.S.C. §§ 841, 846. The jury was not asked to make any further specific findings on the amounts of cocaine and marijuana involved in the offenses.

The presentence investigation report attributed 89 kilograms of cocaine and 679 kilograms of marijuana to Mr. Green as relevant conduct under the Sentencing Guidelines. Mr. Green's counsel filed a written objection to this portion of the report, arguing that the drug amounts should be limited to those found by the jury beyond a reasonable doubt.

The sentencing hearing took place on June 2, 2004, about three weeks before the Supreme Court rendered its decision in *Blakely.* At the hearing, Mr. Green's counsel again objected to the drug amounts set forth in the presentence investigation report, asserting that the jury found only that the offenses involved five kilograms or

more of cocaine and 1,000 kilograms or more of marijuana: "So the objection is that because the jury found him guilty of those particular amounts that are set forth in the verdict form, those are the amounts he should be sentenced upon." R16:6. The prosecutor explained to the district court that co-defendant Corey Lewis had testified at trial that Mr. Green had assisted him in removing 89 kilograms of cocaine that were hidden in a truck and in storing the cocaine for later pickup. The prosecutor also told the district court that co-defendant Byron Knight had testified at trial and corroborated the cocaine transaction, though he did not specify the amount of cocaine involved. R16:9-11.

The district court said that it recalled the evidence at trial the same way, and that with the combination of between 400 to 700 kilograms of marijuana – the amount the court found in sentencing some of Mr. Green's co-defendants – and 89 kilograms of cocaine, Mr. Green had an offense level of 36. R16:11. Mr. Green's counsel responded that he was asking for an extension of "*Apprendi* [*v. New Jersey,* 530 U.S. 466 (2000)] and that line of cases," though he recognized that his argument did not "have current support in the case law." R16:12. The district court "overrule[d] [the] objection to the  drug amounts," and placed Mr. Green at an offense level of 36. R16:12.

The district court declined to give Mr. Green a mitigating role or an

aggravating role under the Sentencing Guidelines, and chose not to depart under USSG § 5K2.0. R16:21-26. Finally, the district court assessed a two-level enhancement for obstruction of justice – due to Mr. Green's false testimony during trial – under USSG § 3C1.1. Mr. Green's counsel objected to this enhancement as well, though not on *Apprendi* grounds. R16:26-27. Mr. Green did not receive any safety-valve adjustment under USSG § 5C1.2, so the district court's rulings left Mr. Green with an offense level of 38 and an imprisonment range of 235-293 months under the Sentencing Guidelines. Applying the Sentencing Guidelines in a mandatory fashion, the district court sentenced Mr. Green to 235 months' imprisonment, the low end of the range. During the sentencing hearing, the district court noted that Congress had "chosen to punish [narcotics offenses] very severely." R16:26. It also indicated that it was required to impose a stiff sentence under the Sentencing Guidelines: "It's a very severe penalty I've got to impose on you, Mr. Green." R16:29.

## DISCUSSION

At the sentencing hearing, the district court made certain findings – as to the amount of drugs involved and obstruction of justice – that increased Mr. Green's offense level and resulting imprisonment range under the Sentencing Guidelines. It then applied the Sentencing Guidelines in a mandatory fashion, as required by the law

4

of this Circuit at the time.

Contrary to the government's argument, Mr. Green's counsel preserved his Sixth Amendment claim – at least as to the drug amounts found by the district court – by invoking the Supreme Court's decision in *Apprendi* and arguing that the drug amounts should be limited to those found by the jury. *See United States v. Dowling,* 403 F.3d 1242, 1245 (11th Cir. 2005). This, therefore, is not a case involving plain error review. Instead, review is *de novo*. *See United States v. Paz,* 405 F.3d 946, 948 (11th Cir. 2005)

Under our post-*Booker* precedent, the district court committed constitutional error by sentencing Mr. Green under a mandatory guidelines system based on contested factual findings made at the sentencing hearing. *See United States v. Rodriguez,* 398 F.3d 1291, 1297 (11th Cir. 2005) ("*Booker* [holds] that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased based on facts found by the judge that were neither admitted by the defendant or found by a jury."). The government can, of course, show that a *Booker* constitutional error was harmless beyond a reasonable doubt, *see Paz,* 405 F.3d at 948-49, but it has not tried to do so in this case. And even if it had attempted to make such a showing, it would not have succeeded given the remarks made by the district court concerning the severe punishment it was required to

impose on Mr. Green under the Sentencing Guidelines.

## CONCLUSION

Mr. Green's sentence is vacated, and the case is remanded for resentencing consistent with *Booker* and its progeny.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.