[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16876
Non-Argument Calendar
_____

D. C. Docket No. 05-00065-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LEE COLEMAN,
a.k.a. Pops,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 13, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Arthur Lee Coleman appeals his sentence imposed after pleading guilty to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1). Coleman asserts the district court erred by: (1) enhancing his applicable sentencing range based on facts neither admitted by him nor found by a jury in violation of *United States v. Booker*, 125 S. Ct. 738 (2005); (2) considering the drugs seized from his car and residence on March 22, 2005 in calculating his base offense level because the evidence seized did not constitute relevant conduct under U.S.S.G. § 1B1.3; and (3) holding him accountable for 229.7 grams of cocaine hydrochloride, which was converted into the 2.297 grams of cocaine base, because cocaine hydrochloride is not cocaine base. We discuss each issue in turn, and find no error.

## I. DISCUSSION

A. *Error under* Booker

When a defendant raises a constitutional objection to enhancements of his sentence in the district court, we review the sentence de novo. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We review challenges to the district court's consultation of the Guidelines as we did before *Booker*–the district court's interpretation of the Guidelines is subject to de novo review, while its factual

findings must be accepted unless clearly erroneous. *United States v. Ellis*, 419

F.3d 1189, 1192 (11th Cir. 2005).

After *Booker*, "the use of extra-verdict enhancements in an *advisory*

guidelines system is not unconstitutional." *United States v. Chau*, 426 F.3d 1318,

1323 (11th Cir. 2005) (emphasis added) (quotations and citation omitted). The

court may find facts not found by a jury nor admitted by the defendant, and use

them in formulating a sentence, as long as it applies the Guidelines as advisory. *Id.*

at 1324. In *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005), *cert.*

*denied* 126 S. Ct. 432 (2005), we stated "[o]ur Circuit's precedent uniformly states,

[r]elevant conduct of which a defendant was acquitted nonetheless may be taken

into account in sentencing for the offense of conviction, as long as the government

proves the acquitted conduct relied upon by a preponderance of the evidence."

(quotations and citations omitted). We explained further that:

> *Booker* does not suggest that the consideration of acquitted conduct
> violates the Sixth Amendment as long as the judge does not impose a
> sentence that exceeds what is authorized by the jury verdict. Thus,
> nothing in *Booker* erodes our binding precedent. *Booker* suggests that
> sentencing judges can continue to consider relevant acquitted conduct
> when applying the Guidelines in an advisory manner, [f]or when a
> trial judge exercises his discretion to select a specific sentence within
> a defined range, the defendant has no right to a jury determination of
> the facts that the judge deems relevant.

*Id.* at 1304-05 (quotations, footnote, and citations omitted).

3

Here, the district court used conduct to which Coleman did not plead guilty in arriving at his base offense level. The district court, however, noted the Guidelines were only advisory in nature, thereby avoiding any *Booker* error. Moreover, the record reveals the Government proved by a preponderance of the evidence that Coleman was responsible for additional quantities of cocaine hydrochloride and cocaine base found at his residence and car during the March 22, 2005, search. Therefore, the district court did not commit clear error.

B. *Relevant conduct*

The Guidelines provide that relevant conduct shall be taken into account in calculating the defendant's base offense level. U.S.S.G. § 1B1.3. Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2). The commentary explains that " [a]pplication of this provision does not require the defendant, in fact, to have been convicted of multiple counts." *Id.* § 1B1.3, comment. (n.3). The commentary provides an example of a drug case where a defendant sells 10, 15, and 20 grams of cocaine on three occasions as part of the same course of conduct or common scheme or plan. *See id.* In that case, the defendant would be responsible for 45 grams of cocaine even if he were convicted of a single count charging only one of the sales. *See id.*

For two or more offenses to constitute part of common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common purpose. *Id.* § 1B1.3, comment. (n.9(A)). In relevant part, U.S.S.G. § 1B1.3, comment. n. 9(B) provides:

> Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are a part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses.

The district court did not clearly err by attributing to Coleman as relevant conduct the drugs seized on March 22, 2005. Contrary to Coleman's assertion, even though he pleaded only to Count 1, the Guidelines do not require the defendant be convicted of multiple counts for § 1B1.3 to be applicable. Further, Coleman's January 27, 2005, and March 22, 2005, offenses reflect the same course of conduct. First, the record reveals that Coleman distributed crack cocaine to the confidential informant (CI) on January 27, 2005, and less than two months later he possessed items consistent with drug distribution, such us latex gloves, copper scouring pads, razor blades, small plastic bags, and a large amount of money. Second, both offenses involved similar types and quantities of drugs. On January

5

27, 2005, Coleman sold 17.8 grams of cocaine base, while on March 22, 2005, Coleman possessed 15.1 grams of crack cocaine and 229.9 grams of powder cocaine, which can be converted into crack cocaine. Third, during the search, the officers found $260 of the "buy" money the CI used to purchase crack from Coleman mixed in a large amount of money recovered from Coleman's bedroom. Thus, the evidence indicates both offenses were sufficiently connected to each other as to warrant the conclusion they were part of an ongoing series of offenses. Accordingly, the district court did not clearly err by attributing the drugs seized on March 22, 2005, to Coleman.

C. *Conversion Ratio*

Because Coleman raises this issue for the first time on appeal, we review it for plain error. *See United States v. Barfield*, 396 F.3d 1144, 1150 (11th Cir. 2005). We have found the 100:1 conversion ratio between powder and crack cocaine appropriate. *United States v. Byse*, 28 F.3d 1165, 1171 n.9 (11th Cir. 1994).

The district court did not plainly err by determining that 229.7 grams seized from the search of Coleman's residence and vehicle on March 22, 2005, was equivalent to 2.297 grams of cocaine base. The conversion ratio 100:1 for powder

6

cocaine to crack cocaine is contemplated by the Guidelines and we have found that ratio appropriate.

## II. CONCLUSION

The district court did not err in enhancing Coleman's sentencing range based on facts not admitted by him or found by a jury, considering the drugs seized from his car and residence on March 22, 2005 in calculating his base offense level, or holding him accountable for 2.297 grams of cocaine base. Thus, we affirm Coleman's sentence.

**AFFIRMED.**