[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2006
THOMAS K. KAHN
CLERK

No. 06-11086
Non-Argument Calendar
_____

D. C. Docket No. 05-14074-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACK CHARLES WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Mack Charles Williams appeals his 188-month sentence, imposed following

his guilty plea to possession with intent to distribute in excess of five grams of crack cocaine, in violation of 21 U.S.C. § 841. Because the district court properly classified Williams as a career offender under U.S.S.G. § 4B1.1, we affirm.

Williams was indicted for two counts of possession with intent to distribute in excess of five grams of crack. Pursuant to a written plea agreement, he pleaded guilty to one count, in exchange for which the second count was dismissed.

The probation officer calculated the offense level as 34 in light of Williams's status as a career offender under U.S.S.G. § 4B1.1, with a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 31. In support of the career-offender classification, the probation officer noted two prior felony convictions for controlled substance offenses. Based on Williams's criminal history and his status as a career offender, he received a criminal history category of VI. The resulting advisory guidelines range was 188 to 235 months imprisonment. Had Williams not been classified as a career offender, his adjusted offense level would have been 25, with the same criminal history category, resulting in a range of 110 to 137 months imprisonment.

Williams objected, inter alia, to the application of the career-offender provision because the prior convictions were neither charged in the indictment nor proven to a jury. He conceded, however, that this court's case law did not support

2

his argument. At sentencing, the court overruled the objection and sentenced Williams to 188 months imprisonment. Williams now appeals.

We review constitutional sentencing issues de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The district court's classification of a defendant as a career offender is a question of law that we also review de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir.), cert. denied, (No. 05-10963) ( Jun. 19, 2006).

In Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that prior convictions need not be proven to a jury beyond a reasonable doubt. We are bound by that decision. United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir.), cert. denied, (No. 05-11248) (Jun. 26, 2006). And we have repeatedly held that Almendarez-Torres remains good law. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Moreover, in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the Supreme Court reaffirmed its holding that prior convictions need not be proven to a jury, and nothing in Shepard v. United States, 544 U.S. 13 (2005), alters this conclusion. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005). Therefore, we reject Williams's argument. See Martinez, 434 F.3d at 1323; Gibson, 434 F.3d at

3

Accordingly, we **AFFIRM.**