[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13009
Non-Argument Calendar

_____

D. C. Docket No. 06-80009-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GUTIERREZ-MIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2006)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan Gutierrez-Mira pleaded guilty to illegal re-entry after deportation in

violation of 8 U.S.C. § 1326. At the change-of-plea hearing, the Government alleged that Gutierrez-Mira had been found to be in the United States unlawfully after deportation and that he had previously been convicted of forcible rape in California. Gutierrez-Mira admitted the accuracy of the proffer. When defense counsel argued that the prior conviction was not an element of the charged offense, the district court reminded counsel that Gutierrez-Mira had admitted to the prior conviction and added that if the defendant "want[ed] to debate those issues" he should reconsider the plea as it was likely that the prior conviction would impact sentencing. Counsel indicated that she was only seeking to preserve a legal objection. The court then accepted the plea and found Gutierrez-Mira guilty.

The probation officer prepared a presentence investigation report (PSI), assigning a base level of 8 under U.S.S.G. § 2L1.2 with a 16-level enhancement for the prior conviction under § 2L1.2(b)(1)(A). The report also included a 3-level reduction for acceptance of responsibility, giving an adjusted offense level of 21. The report categorized Gutierrez-Mira's criminal history as Category II given the prior conviction for forcible rape. The resulting guideline range was 41 to 51 months imprisonment.

Gutierrez-Mira objected to the PSI's 16-level enhancement again, arguing

that the indictment did not refer to the prior conviction and thus, citing United States v. Booker, 543 U.S. 220 (2005), the prior conviction cannot be taken into account for sentencing. The district court overruled the objection and sentenced Gutierrez-Mira to a term of 46 months.

Gutierrez-Mira appeals his sentence, claiming that the 16-level enhancement is unconstitutional under the Sixth Amendment because it is based on his prior conviction that was neither charged in the indictment nor proved to a jury beyond a reasonable doubt. He also argues that the district court violated the holding in Shepard v. United States, 544 U.S. 13 (2005) by considering facts *about* his prior conviction (that the conviction was for an aggravated felony) rather than the fact *of* his prior conviction.

We review constitutional challenges to sentencing de novo, but will reverse only if the error was harmful. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

There is no merit to Gutierrez-Mira's arguments. First, the Supreme Court specifically has held that a prior conviction is a sentencing factor that need not be charged in the indictment or proved to a jury. Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998); See Booker, 543 U.S. at 245 (2005) (affirming that a prior conviction is a sentencing factor). This court has consistently held

3

that <u>Almendarez-Torres</u> remains good law and is bound by it until it is explicitly overruled by the Supreme Court. <u>See</u> <u>United States v. Dowd</u>, 451 F.3d 1244, 1253 (11th Cir. 2006), <u>petition for cert. filed</u> (Aug. 24, 2006) (No. 06-6164); <u>United States v. Gibson</u>, 434 F.3d 1234, 1246 (11th Cir. 2006); <u>United States v. Martinez</u>, 434 F.3d 1318, 1323 (11th Cir. 2006).

Second, contrary to Gutierrez-Mira's argument, the district court did not violate <u>Shepard</u> by looking beyond the facts of the conviction to determine whether the enhancement applied. Rather, the district court merely referred to the commentary in U.S.S.G. § 2L1.2, that categorizes rape as a crime of violence. U.S.S.G. § 2L1.2, cmt. (n.1(B)(iii)). <u>See</u> <u>United States v. Houston</u>, 456 F.3d 1328, 1340 (11th Cir. 2006) (holding that the court properly considered the defendant's prior convictions and properly categorized the convictions as "crimes of violence" under U.S.S.G. § 4B1.1). Unlike the facts of <u>Shepard</u> where the district court had been asked to review police documents concerning the nature of the underlying offense, here the district court only took into account the prior conviction and applied the correct enhancement under the Guidelines.

Moreover, Gutierrez-Mira's acceptance of the factual proffer when he plead guilty constitutes an admission of the prior conviction sufficient to apply the enhancement. <u>United States v. Williams</u>, 444 F.3d 1286, 1308 (11th Cir. 2006)

4

(holding that the defendant's admission of the factual basis for his sentence eliminated any Booker-error).

For the above reasons, we **AFFIRM** the district court's sentence.