[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 30, 2007
THOMAS K. KAHN
CLERK

No. 06-16153
Non-Argument Calendar

_____

D. C. Docket No. 05-00023-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME HARRIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 30, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Jerome Harris, Jr. appeals his 300-month sentence imposed after a jury convicted him of possession with the intent to distribute more than 50 grams of crack cocaine, possession with the intent to distribute approximately 84 grams of cocaine; and possession of a firearm in furtherance of a drug trafficking crime. Harris challenges the enhancement of his sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 as a violation of his Fifth and Sixth Amendment rights. We AFFIRM.

## I. BACKGROUND

A federal grand jury returned an indictment against Harris and his codefendant, Leketa Harris, charging Harris with, <u>inter alia</u>, (1) possession with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (count 2); (2) possession with the intent to distribute approximately 84 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 3); and (3) possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 4). The indictment did not specify that Harris had a prior felony drug conviction. Harris pleaded not guilty to the charges in the indictment.

Before trial, the government filed a 21 U.S.C. § 851 notice with the district court, seeking to enhance Harris's sentence pursuant to 21 U.S.C. § 841(b)(1)(A),

based on Harris's August 2001 conviction in state court for possession of cocaine. With the enhancement, Harris faced a mandatory minimum sentence of 20 years of imprisonment. See 21 U.S.C. § 841(b)(1)(A). The jury found Harris guilty of counts 2, 3, and 4.

Prior to sentencing, a presentence investigation report ("PSI") was prepared. The PSI assigned Harris a base offense level of 34 pursuant to United States Sentencing Guidelines § 2D1.1(c)(3). As to his criminal history category, the PSI stated that Harris had previously been convicted in state court of, inter alia, possession of cocaine, for which he had been sentenced to five years of imprisonment, and that his sentence had been suspended. The PSI assigned Harris a total of two criminal history points for a criminal history category of II. With a total offense level of 34 and a criminal history category of II, Harris's advisory guideline range as to counts two and three was 168 to 210 months of imprisonment. Additionally, an individual who commits an offense under 21 U.S.C. § 841(b)(1)(A) after a prior conviction for a felony drug offense has become final is subject to a mandatory minimum sentence of 20 years. Therefore, Harris's guideline range as to counts two and three was the 20-year mandatory minimum. As to count four, the guideline range was the statutorily mandated term

3

of imprisonment of five years, to be served consecutively to any other term of imprisonment.

In his presentencing hearing memorandum, Harris objected to the 20-year enhanced mandatory minimum sentence, arguing that, under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the enhanced sentence violated his Fifth and Sixth Amendment rights because his prior conviction was neither charged in the indictment nor proven to jury beyond a reasonable doubt. Harris argued that Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), in which the Supreme Court held that a defendant's sentence may be enhanced based on prior felony convictions that are neither alleged in the indictment nor proven to the jury, is no longer good law in light of Blakely.

At Harris's sentencing hearing, he reiterated his constitutional objections to the enhanced mandatory minimum sentence. The government responded, inter alia, that the § 851 notice of enhancement was timely filed, and that our case law did not preclude the district court from making a finding of fact as to prior convictions.

The district court overruled Harris's objections to the sentencing enhancement, specifically finding that "given the state of the law in the Eleventh Circuit, the objection to application of the enhancement under Section 851 is not

well taken." R-126 at 13.  The district court sentenced Harris to: (1) 240 months of imprisonment as to counts 2 and 3, with both terms to run concurrently; and (2) 60 months as to count 4, to run consecutively with counts 2 and 3, for a total of 300 months of imprisonment.  The court noted that it had "absolutely no discretion but to impose . . . a mandatory minimum sentence of 300 months in this case." Id. at 26.

## II.  DISCUSSION

On appeal, Harris argues that the district court violated his Fifth and Sixth Amendment rights by imposing an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on its finding that he was previously convicted of a felony drug offense, because the fact of the prior conviction was neither charged in the indictment nor found by a jury beyond a reasonable doubt.  Harris maintains that Almendarez-Torres is no longer good law in light of Blakely and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

We review constitutional errors in sentencing de novo, but will reverse only for harmful error.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam) (citation omitted).  "To find harmless error, we must determine that the error did not affect the substantial rights of the parties."  United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998) (citations omitted).

5

In Almendarez-Torres, the Supreme Court held that the government need not prove beyond a reasonable doubt that a defendant had prior convictions or allege those prior convictions in its indictment in order to use them to enhance a defendant's sentence. 523 U.S. at 243-44, 118 S. Ct. at 1230-31. In Apprendi, the Supreme Court explicitly declined to overrule Almendarez-Torres. 530 U.S. at 489-90, 120 S. Ct. at 2362. The Court restated the prior conviction rule, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S. Ct. at 2362-63. In Blakely, the Court again reiterated its holding in Apprendi that "[o]ther than the fact of a prior conviction," any fact that enhances a defendant's sentence beyond the statutory maximum must be proved to a jury. 542 U.S. at 301, 124 S. Ct. at 2536 (quoting 530 U.S. at 490, 120 S. Ct. at 2362).

Moreover, we have consistently held that Almendarez-Torres remains good law. In United States v. Shelton, we held that the decision in Almendarez-Torres was "left undisturbed by Apprendi, Blakely, and Booker," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." 400 F.3d 1325, 1329 (11th Cir. 2005).

6

Based on the above precedent, Harris's argument that the district court erred by enhancing his sentence for a prior drug conviction pursuant to 18 U.S.C. §§ 841(b)(1)(A) and 851 has no merit.

## III.  CONCLUSION

Accordingly, upon review of the record on appeal and consideration of the parties' briefs, we discern no reversible error.  **AFFIRMED.**