[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13127
Non-Argument Calendar

_____

D. C. Docket No. 05-00110-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARCISIO NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 5, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tarcisio Nunez appeals his 24 month sentence for conspiracy to manufacture

marijuana and possession with intent to distribute more than 100 marijuana plants,

in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vii). He contends that in light 18 U.S.C. § 3553(f) the district court erred when it applied U.S.S.G. § 5C1.2(b) and imposed a mandatory minimum total offense level of 17. Because Nunez properly raised this issue in the district court, we review de novo that court's decision of it. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Statutory law provides that a person convicted of manufacturing, and possession with intent to distribute 100 or more marijuana plants regardless of weight shall be sentenced to a term of imprisonment which may not be less than 5 years nor more than 40 years. 21 U.S.C. § 841(b)(1)(B)(vii). In addition, 18 U.S.C. § 3553(f), sometimes known as the "safety-valve" provision, allows relief from a sentence for certain crimes without regard to any statutory minimum, if the specific requirements set out in that statutory provision are met. United States v. Brehm, 442 F.3d 1291, 1299 (11th Cir. 2006).

The sentencing guidelines should be applied sequentially. U.S.S.G. § 1B1.1(a)-(I); United States v. Houser, 70 F.3d 87, 91-92 (11th Cir. 1995). Chapter Two of the sentencing guidelines recommend a base-offense level of 16, based on an offense involving between 10 and 20 kilograms of marijuana. U.S.S.G. §§ 2D1.1(a)(3), and (c)(12). Under Chapter Three, if a defendant clearly demonstrates acceptance of responsibility for his offense, a district court should

decrease his offense level by two levels. U.S.S.G. § 3E1.1(a). In addition, if a defendant qualifies for a two-level decrease under § 3E1.1(a), and the government moves for it, a district court may decrease the offense level by one. U.S.S.G. § 3E1.1(b).

Section 5C1.2 requires a district court to sentence a defendant in certain drug-possession cases, including in the case of an offense under 21 U.S.C. § 841, "without regard to any statutory minimum sentence" if the defendant meets five criteria. U.S.S.G. § 5C1.2(a). United States v. Figueroa, 199 F.3d 1281, 1282 (11th Cir. 2000). There is no dispute that Nunez met all five of those criteria. Section 5C1.2(b), however, provides that in the case of a defendant: (1) who meets the criteria set forth in § 5C1.2(a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17. U.S.S.G.(emphasis added). That is the provision that made the difference in this case and about which Nunez complains.

The district court did not err in applying § 5C1.2(b) to set Nunez's offense level at 17. As we have already said, the district court was required to consult and apply the guidelines in a sequential order. See Houser, 70 F.3d at 91-92. Because Nunez not only met all the criteria in § 5C1.2(a), but he was also a defendant for

3

whom the statutorily required minimum sentence was at least five years, §
5C1.2(b) did apply. The text of U.S.S.G. § 5C1.2(b) unambiguously instructs that
in these circumstances an offense level of no lower than 17 must be set after
Chapter Three is applied. The net effect on the final sentence in some cases is the
same as disallowing a reduction for acceptance of responsibility, or disallowing
any other reduction that would have caused the offense level to fall below 17. See
U.S.S.G. § 5C1.2(b). That is simply the way the guidelines work, and there is
nothing in them that prohibits it.

Nor does 18 U.S.C. § 3553(f) prohibit the application of U.S.S.G. §
5C1.2(b). While that statutory subsection does provide for a safety value to allow
for sentencing below the otherwise applicable statutory minimum, it specifically
provides for "impos[ing] a sentence pursuant to the guidelines," and U.S.S.G. §
5C1.2(b) is part of the guidelines.

**AFFIRMED.**