[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11513
Non-Argument Calendar

_____

D. C. Docket No. 07-00379-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOANKYS PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 25, 2008)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Yoankys Perez appeals from the district court's 24-month sentence after pleading guilty to one count of knowingly and willfully manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii) and

18 U.S.C. § 2. Because Perez qualified for relief under the safety-valve provision in U.S.S.G. § 5C1.2(a), the district court sentenced Perez below the five-year statutory minimum sentence and at the low-end of his applicable guideline range. On appeal, Perez contends that: (1) the district court erred in calculating his applicable guideline range; and (2) his sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005), because the court applied the Guidelines in a mandatory fashion. After thorough review, we affirm.

We review de novo the district court's guideline calculations. United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir. 2006). "We review a properly preserved claim of Booker error de novo . . . ." Id.

First, we find no merit to Perez's contention that the district court erred in calculating his guideline range. A defendant qualifies for relief under the safety-valve provision in § 5C1.2(a) if he is convicted under, inter alia, 21 U.S.C. § 841, and satisfies five specified criteria. U.S.S.G. § 5C1.2(a); see 18 U.S.C. § 3553(f) (providing the same). Subject to § 5C1.2(b), if a defendant meets these requirements, "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence . . . ." U.S.S.G. § 5C1.2(a). However, § 5C1.2(b) provides in full: "In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily

2

required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17." U.S.S.G. § 5C1.2(b).

Although the district court sentenced Perez to 24 months' imprisonment -- below the 5-year statutory minimum and at the low-end of his applicable guideline range -- Perez nonetheless contends that the district court erred in calculating his applicable guideline range. He argues that his base offense level of 16 should have been lowered by 3 levels for acceptance of responsibility under § 3E1.1(a)-(b) and 2 levels under the safety-valve reduction in § 2D1.1(b)(11), giving him a total offense level of 11. Perez's argument is foreclosed by the plain language of § 5C1.2(b), providing that "the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17." U.S.S.G. § 5C1.2(b). The "offense level" referred to § 5C1.2(b) is based on "Chapters Two (Offense Conduct) and Three (Adjustments)" and, therefore, includes the safety-valve reduction in § 2D1.1(b)(11) and the adjustment for acceptance of responsibility in § 3E1.1(a)-(b). Id.; see United States v. Nunez, 209 Fed. App'x 896, 898 (11th Cir. 2006) (unpublished opinion) ("The text of U.S.S.G. § 5C1.2(b) unambiguously instructs that in these circumstances an offense level of no lower than 17 must be set after Chapter Three is applied."); United States v.

Keresztury, 293 F.3d 750, 759 n.21 (5th Cir. 2002) ("U.S.S.G. § 5C1.2 expressly forbids the application of Chapter Three (which includes § 3E1.1) to yield a result less than offense level 17."). Accordingly, the district court did not err in calculating Perez's applicable guideline range in this respect.

We also are unpersuaded that the district court committed Booker error in imposing Perez's sentence. A district court commits error under Booker if its applies the Guidelines in a mandatory fashion. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005) ("Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory."). Nonetheless, the district court is still required after Booker to calculate the defendant's applicable guideline range correctly. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.") (quoting Gall v. United States, 128 S.Ct. 586, 596 (2007)).

Contrary to Perez's argument, the district court's proper calculation of his Guidelines range under § 5C1.2(b) does not indicate that it believed the range to be binding. Further, there is nothing in the record to suggest that the district court applied the Guidelines in a mandatory fashion. Accordingly, Perez has not shown that the district court committed Booker error in imposing his sentence.

**AFFIRMED.**

4