[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 23, 2009
THOMAS K. KAHN
CLERK

No. 09-11959
Non-Argument Calendar

_____

D. C. Docket No. 09-80010-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLBIN NEFTALI MEDINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Olbin Neftali Medina appeals his 41-month sentence imposed

following his guilty plea to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326 (a), (b)(2). On appeal, Medina alleges a Fifth and Sixth Amendment violation on the ground that the enhancement of his sentence due to an increase in the base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) was based on a predicate aggravated felony that was neither charged in the indictment nor proven to a jury beyond a reasonable doubt.

Because Medina properly raised his objections to the enhancement of his sentence to the district court, we review the sentence *de novo*, but will only reverse for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

A district court does not violate the Sixth Amendment when conducting judicial fact finding, so long as it applies the Sentencing Guidelines as advisory. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006); *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) (holding that extra-verdict enhancements used "in a non-mandatory guidelines system [are] constitutionally permissible").

Medina's challenge on appeal is limited to the increase in his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). However, to the extent he also seeks to challenge the statutory enhancement in 8 U.S.C. § 1326(b)(2), that challenge is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*,

2

523 U.S. 224, 246-47, 118 S. Ct. 1219, 1232-33, 140 L. Ed. 2d 350 (1998) (holding that neither the statute nor the Constitution require the government to charge a prior offense in the indictment or prove it beyond a reasonable doubt when it is being used to increase a sentence).

Moreover, at the sentencing hearing, the district court acknowledged that the Sentencing Guidelines were advisory when it pronounced Medina's sentence. Since the court applied the Sentencing Guidelines in an advisory manner, the court did not violate the Fifth and Sixth Amendments by enhancing Medina's sentence based on a prior conviction that was not alleged in the indictment. *See Dudley*, 463 F.3d at 1228. Accordingly, we affirm Medina's sentence.

**AFFIRMED.**