[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15281
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00010-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK HOWELL SPARKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury trial, Mark Sparks appeals his convictions for trafficking in

motor vehicles with altered vehicle identification numbers ("VIN"), in violation of

18 U.S.C. § 2321, tampering with an informant, in violation of 18 U.S.C. § 1512(b)(3), and obstruction of justice, in violation of 18 U.S.C. § 1505. After review, we affirm.

## I. WITNESS SOUDER'S TESTIMONY AT TRIAL

On appeal, Sparks argues that the district court abused its discretion in admitting the testimony of Jason Souder that he stole vehicles for Sparks and delivered them to Sparks at various locations, knowing Sparks was going to alter the VIN numbers and resell the vehicles. Sparks contends Souder's testimony was inadmissible under Federal Rules of Evidence 404(b) and 403 as unduly prejudicial evidence of other crimes.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts" is inadmissible to show the defendant's bad character, but may be admitted for other purposes. Fed. R. Evid. 404(b). However, "evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004) (quotation marks and brackets omitted). "In such a situation, because the evidence is intrinsic, not

extrinsic, we do not engage in a Rule 404(b) analysis. United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992). Rather, this evidence is properly admitted if it is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury," United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985), and passes the Rule 403 balancing test, which provides that even intrinsic evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.[1]

Here, we find no abuse of discretion. The district court denied Sparks's motion in limine and admitted Souder's testimony as intrinsic evidence relating to Count One of Sparks's indictment, which charged Sparks with operating a chop shop. The district court stated:

> [T]he specific thing that [Souder] testified was that he stole four vehicles on the same day and delivered them to an uncle's property at Felton and he got paid for them, three specifically, he got paid for them shortly before he went to jail in December of 2005. It's clear that this is not 404(b) evidence. All of this is evidence that is relevant to the chop-shop charge in Count One of the indictment, so I'll overrule your motion.

---

[1]We review the district court's ruling on the admissibility of evidence for abuse of discretion. United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005).

3

The statutory definition of a chop shop requires the receipt of unlawfully obtained vehicles to alter or remove their identities, including VINs, and then sell or distribute the vehicles.  See 18 U.S.C. § 2322(b).[2]  Souder's testimony went directly to the element of whether Sparks received stolen cars and altered or removed VINs from those stolen vehicles after receiving them, both elements of the chop shop charge.  Souder's testimony was thus relevant to two elements of a charged offense.

Even if the evidence were not intrinsic evidence, it would not have been excluded under Rule 404(b).  Souder's testimony was evidence of an uncharged offense arising out of the same series of transactions as a charged offense (the chop shop charge) and was inextricably intertwined with the evidence of that charged offense.

Furthermore, Sparks has failed to show how the risk of unfair prejudice from Souder's testimony substantially outweighed its probative value.  Sparks

---

[2]Specifically, a "chop shop" is defined as:
any building, lot, facility, or other structure or premise where one or more persons engage in receiving, concealing, destroying, disassembling, dismantling, reassembling, or storing any passenger motor vehicle or passenger motor vehicle part which has been unlawfully obtained in order to alter . . . or remove the identity, including the vehicle identification number or derivative thereof, of such vehicle or vehicle part and to distribute, sell, or dispose of such vehicle or vehicle part in interstate or foreign commerce.
18 U.S.C. § 2322(b).

argues that the evidence lacked probative value because (1) the events Souder testified about were too remote to the charged offense, and (2) Souder was not a credible witness.

Count One charged Sparks with operating a chop shop beginning on an unknown date and continuing until October 7, 2009. Souder testified that he had stolen numerous vehicles at Sparks's request. The earliest date Souder gave was 2000, when he said he delivered a stolen truck to Sparks and stayed to help Sparks remove the windshield and the VIN. Souder claimed to have stolen 10 to 15 trucks for Sparks in 2005, including the last, before Souder was incarcerated in December. Thus, the events Souder described occurred contemporaneously with the charged chop shop offense. Furthermore, the jury was entitled to believe Souder despite potential problems with his credibility, and Souder's testimony, if credited (which it appears it was not), would have been highly probative of whether, during the charged period, Sparks had received stolen vehicles from Souder to alter or remove their VINs and then sell them. Therefore, the admission of Souder's testimony as intrinsic evidence was not an abuse of discretion and thus not error.

## II. HARMLESS ERROR

5

Finally, even assuming arguendo that the admission of Souder's testimony was error, that error was harmless. Even if evidence was admitted in error, that error will be disregarded where the error was harmless. See Fed. R. Crim. P. 52(a) (providing that any error "that does not affect substantial rights must be disregarded"). An error is harmless "if there is no reasonable probability that the evidence complained of might have contributed to the conviction." United States v. Turner, 871 F.2d 1574, 1581-82 (11th Cir. 1989) (quotation marks omitted). A split verdict shows that a jury properly considered evidence and was not confused or improperly influenced by Rule 404(b) evidence. United States v. McNair, 605 F.3d 1152, 1205 (11th Cir. 2010), cert. denied, 131 S. Ct. 1600 (2011). The government must carry the burden of showing that any error was harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

In this case, Souder's testimony related to Count One, the chop shop charge, on which the jury returned a verdict of not guilty. Souder had no knowledge of the relevant events relating to the trafficking offense (Count Two) and gave no testimony concerning the tampering and obstruction offenses (Counts Five and Six), the three counts for which the jury found Sparks guilty.[3] The jury's split

---

[3]Counts Two, Five and Six, upon which Sparks was convicted, arose out of Sparks's involvement with a man named Robert Cates. Sparks confessed to investigators that he purchased a stolen pewter-colored Chevrolet pickup truck from Cates, removed the VIN from

6

verdict tends to show the jury properly considered all the evidence. And, there is no indication that Souder's testimony, even if admitted in error as to Count One, had any effect on the guilty verdicts in Counts Two, Five and Six.

**AFFIRMED.**

---

another totaled truck and affixed it to the stolen pewter-colored truck. Then, according to the government's evidence, Sparks, who was a local police officer, repeatedly tipped Cates off during the investigation, told Cates to lie to investigators and warned others who had bought stolen vehicles from Cates to get rid of them. Souder testified that he did not even know Cates.